[No. 15367.   Department Two.—May 29, 1894.]

IN THE MATTER OF THE ESTATE OF JOSE FRANCISCO
DE LEON, DECEASED.

DETERMINATION OF LIFE ESTATE UNDER WILL—EQUITABLE JURISDICTION
OF SUPREME COURT—PROBATE PROCEEDING—IMPROPER TITLE OF
CAUSE.—A proceeding under section 1723 of the Code of Civil Proced-
ure to obtain a decree that a life estate granted under the will of a
decedent has been terminated by reason of the death of the one to whom
it was granted, should be properly instituted in the superior court under
its general jurisdiction and not its probate jurisdiction; but where the
facts stated in the petition are such as to entitle it to be treated as a com-
plaint in equity, and the allegations are sufficient in all respects to jus-
tify the relief granted, the superior court having jurisdiction of the
subject matter and of the parties may grant the proper relief, notwith-
standing the improper entitling of the cause as a probate proceeding in
the matter of the estate of the deceased testator, which estate had been
wound up many years before the filing of the petition.

ID.—EFFECT OF DECREE OF DISTRIBUTION—PERSON NOT IN ESSE—COLLAT-
ERAL ATTACK.—A decree of distribution under a will is not binding upon
a person not *in esse* at the time it was rendered, and such decree may be
made the subject of a collateral attack in a proceeding by such person
to obtain a decree declaring that a life estate given by the will has ter-
minated.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.

The facts are stated in the opinion of the court.

*T. M. Osmont,* for Appellant.

The probate court had no jurisdiction of the proceed-
ing. (*In re Haas,* 97 Cal. 232; *Wheeler* v. *Bolton,* 54 Cal.
302; *Estate of Hudson,* 63 Cal. 454; *Smith* v. *Westerfield,*
88 Cal. 374, 378, 379.) The decree of distribution is
final and conclusive as to the petitioner. (Code Civ.
Proc., sec. 1666; Calvert on Parties, 50, 52 et seq.;
*Giffard* v. *Hort,* 1 Schoales & L. 400; *Baylor* v. *Dejar-
nette,* 13 Gratt. 168; *Finch* v. *Finch,* 2 Ves. Sr. 491;
*Faulkner* v. *Davis,* 18 Gratt. 651; 98 Am. Dec. 698;
*Miller* v. *Foster,* 76 Tex. 479; *Miller* v. *Texas etc. Ry. Co.,*
132 U. S. 662; *Baker* v. *Lorillard,* 4 N. Y. 266; *Lorillard*
v. *Coster,* 5 Paige, 172; *Freeman* v. *Freeman,* 9 Heisk.

301; *Kearney* v. *Kearney*, 72 Cal. 591; *Brevoort* v. *Brevoort*, 70 N. Y. 139, 140.)

*Lloyd & Wood*, and *L. D. McKisick*, for Respondent.

The probate court had jurisdiction of this proceeding. The remedy by a bill in equity is not exclusive, and it was proper to proceed under section 1723 of the Code of Civil Procedure. (*Hiller* v. *Collins*, 63 Cal. 235; *Sanderson* v. *McIntosh*, 65 Cal. 36.) The decree of distribution was absolutely void as to the petitioner, and may be attached collaterally by an appropriate proceeding. (*Baker* v. *O'Riordan*, 65 Cal. 368; *Pearson* v. *Pearson*, 46 Cal. 610.)

Fitzgerald, J.—This proceeding was brought under section 1723 of the Code of Civil Procedure, which reads as follows:

"If any person has died, or shall hereafter die, who at the time of his death was the owner of a life estate which terminates by reason of the death of such person, any person interested in the property, or in the title thereto, in which such life estate was held, may file in the superior court of the county in which the property is situated his verified petition setting forth such facts, and thereupon, and after such notice by publication or otherwise as the court may order, the court shall hear such petition and the evidence offered in support thereof, and if, upon such hearing, it shall appear that such life estate of such deceased person absolutely terminated by reason of his death, the court shall make a decree to that effect, and thereupon a certified copy of such decree may be recorded in the office of the county recorder, and thereafter shall have the same effect as a final decree of distribution so recorded."

The petition substantially alleges that, on the ninth day of April, 1872, Jose Francisco de Leon made, published, and declared his last will and testament, by the terms of which he devised the real property described in said petition to his daughter, Mrs. Virginia Leon de

Cima, to hold and enjoy during her life, with the provision that she could not sell or mortgage the same, and that upon her death the said property should "pass to her children in equal portions"; that the said testator died in July, 1873, and his will was thereafter admitted to probate, and Mrs. de Cima, who was named as the executrix therein, thereupon qualified and entered upon her duties as such; that in August, 1874, the court made a decree of distribution under the will decreeing "that all of the property hereinafter described should go to and vest in the said Virginia Leon de Cima during her life, and upon her death the same should be divided between her four children share and share alike, to wit: Gertrudis Leon de Cima, Frank Cima, John Cima, and Arthur Cima, who were all the children of said Virginia Leon de Cima at the time said decree was made; that after the decree of distribution was made the said Mrs. de Cima was divorced from her husband, Don Juan de Cima, and thereafter, in February, 1893, she intermarried with one Laurent Durstein; that the only issue of this marriage was the petitioner, who was born July 15, 1884; that on the twenty-fifth day of May, 1891, the said Mrs. Virgina de Cima Durstein, mother of petitioner, and the holder of said life estate, died, leaving surviving her as her only children the said Gertrudis, John, and Arthur de Cima, and the said petitioner; that subsequent to the decree of distribution the said John conveyed his interest in the property to the appellants, Emil Kehrlein, Joseph Cuneo, Giacomo Costa, and Giuseppe Cadenasso, who are now the owners thereof.

It is further alleged that, by reason of the death of Mrs. de Cima Durstein, her life estate in and to said property has terminated, and the title thereto has vested one-fifth in the petitioner, Virginia Durstein; one-fifth in Kehrlein, Cuneo, Costa and Cadenasso jointly; one-fifth in Juan de Cima, as father and sole heir of Frank de Cima, deceased; one-fifth in Arthur de Cima, and

the remaining one-fifth in the said Gertrudis, who is now Mrs. Sanchez.

The prayer of the petition is to the effect that as the life estate of Mrs. Durstein has terminated by reason of her death that the court will make a decree to that effect, and adjudge and determine to whom, under the will of Juan Francisco de Leon, the said property belongs, and the interest of each party therein, and "for such further and other judgment and decree as the court may deem meet and able to grant."

The petition was demurred to generally on the ground that it did not state facts sufficient to constitute a cause of action, and specially upon the further ground that the court had no jurisdiction of the proceeding. At the same time appellants filed their answer denying, on information and belief, the marriage of Mrs. de Cima to Durstein or that the petitioner was the issue of such marriage. They further deny that a one-fifth interest, or any interest, in said property has vested in petitioner, but aver that the title thereto passed and was vested in the parties to whom it was distributed by the decree of the probate court, referred to in the petition, and that the petitioner had never had any right, title, or interest therein.

And, for a further and separate answer and defense, they aver " that the said decree of distribution was a final decree of distribution of the estate of the said Jose Francisco de Leon, deceased; that on the same day an order was made and entered in said court in said estate settling the final account of the executrix of the last will of deceased; that on the twenty-seventh day of August, 1874, a decree of final discharge of the executrix of said estate was made, entered, and filed in said cause; that the administration of said estate was then closed and finally wound up, and that this court has no further jurisdiction of said estate."

Upon a trial of the issues thus raised by the pleadings, it was adjudged by the court " that the life estate vested in and held by said Virginia Leon de Cima Dur-

stein in all and singular the lands and premises herein-
above named and described, and the rents and revenues
thereof since her death as aforesaid, has absolutely ter-
minated, and the title to said lands and premises, with
the revenues thereof, has vested absolutely, one-fifth
thereof in Gertrudis Leon de Cima Sanchez; one-fifth
in Juan Cima as father and sole heir of his son, Frank
Cima, deceased; one-fifth in Arthur Cima; one-fifth in
Virginia Durstein; one-fifth jointly in Emil Kehrlein,
Joseph Cuneo, Giacomo Costa and Giuseppe Cadenasso,
as successors in the interest of John Cima." From
which judgment the said Kehrlein, Cuneo, Costa, and
Cadenasso alone appeal with a bill of exceptions.

It is claimed by appellants that the court had no juris-
diction of this proceeding: 1. Because it was brought
in the superior court sitting in probate, in the matter
of an estate in which the final decree of distribution
had been entered and the estate wound up more than
seventeen years before the filing of the petition; and,
2. Because if the proceeding was brought under section
1723 of the Code of Civil Procedure, as it purports to
be, then it should have been instituted in the superior
court under its general and not its probate jurisdiction,
in which case the power of the court to grant relief is
limited by the provisions of the section to decreeing
that the life estate of Mrs. de Cima Durstein had ter-
minated.

While the contention of appellants is technically cor-
rect as to both propositions, still, the facts stated in the
petition, notwithstanding its title, are such as to entitle
it to be treated as a complaint in equity, and as the
allegations thereof are sufficient in all respects to justify
the relief granted, the court having jurisdiction of the
subject matter and of the parties, it follows that the
claim of appellants with respect to these questions can-
not, under the liberal construction required by the pro-
visions of section 4 of the Code of Civil Procedure, be
sustained. (*Estate of Thompson*, 101 Cal. 349.)

It is lastly claimed by appellants that the decree of

distribution made by the probate court in August, 1874, is final and conclusive, and in support of this claim they rely on section 1666 of the Code of Civil Procedure. This section can have no possible application to the case before us, for the reason that the decree referred to was and is absolutely void as to the petitioner, as she was not *in esse* at the time that it was rendered. This being so, it follows, upon well-settled authority, that such a decree may be made the subject of collateral attack in a proceeding or action of this character. (*Baker v. O'Riordan*, 65 Cal. 368; *Pearson* v. *Pearson*, 46 Cal. 610.)

Let the judgment be affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.