[S. F. No. 2884.   Department Two.—May 20, 1902.]

In the Matter of the Petition of CATHERINE I. TRACEY, to Terminate Life Estate. EDWARD F. MAY, Executor of Will of Bridget De Campos, Appellant. CATHERINE I. TRACEY, and SARAH ROUKE, Respondents.

WILL—TERMINATION OF LIFE ESTATE—PETITION—NATURE OF PROCEEDING—JURISDICTION.—The proceeding, upon a petition filed under section 1723 of the Code of Civil Procedure for a decree adjudging that a life estate created under the will of a deceased person has terminated by death of the devisee and distributee thereof, though partaking of the nature of a proceeding *in rem,* is more than a mere proceeding *in rem.* The petition is not addressed to the probate court, but to the superior court, and is similar to a complaint or petition in equity; but the jurisdiction of the court to render the decree, so as to bind all persons interested in the property, depends upon notice being given to them as required by the statute.

[1] 54 Am. St. Rep. 365.          [2] 26 Am. St. Rep. 482.

CXXXVI. Cal.—25

ID.—NOTICE—INSUFFICIENT ORDER AND POSTING.—Notice must be given to all persons interested in the property described in the petition, and in the estate of the deceased life tenant. An order for publication of notice, reciting that the life estate created under the will of the deceased testator terminated by reason of *his* death, and directing the clerk to give notice to all persons interested in the estate of the deceased testator, is fatally defective; and notices given by the clerk by posting, following the defective order, were equally defective, and gave no constructive notice to the really interested parties as required by statute, and such interested persons not served with actual notice are not bound by the decree.

ID.—CONSTRUCTIVE NOTICE—STRICT PURSUANCE OF STATUTE.—In all cases where constructive service of notice is allowed to parties in interest who have no actual notice and who do not appear and subject themselves to the jurisdiction of the court, the mode of service prescribed by the statute must be strictly pursued.

ID.—DECREE WITHOUT JURISDICTION—MOTION TO VACATE—HOMESTEAD CLAIM—ESTATE OF DECEASED WIDOW.—The executor of the estate of the deceased life tenant who was the widow of the deceased testator, upon a showing that one of the lots distributed to her for life was a homestead upon community property, properly selected and recorded in the lifetime of both parties, which became her absolute property as surviving spouse, and that such executor had no notice of the decree adjudging the life estate of the widow in both lots terminated, is entitled to have the decree vacated, and an order denying his motion to vacate it must be reversed.

ID.—PROPERTY OF WIDOW—ESTATE OF HUSBAND.—A homestead which under the statute vested absolutely in the widow upon her husband's death was no part of the assets of his estate; and such property should not be included in a decree adjudging the estate of the widow in the homestead property terminated by her death.

ID.—POWER OF COURT.—The court is given no power under the statute to declare in whom, upon the termination of a life estate, the title is vested absolutely. It can only declare the termination of the life estate.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a decree terminating a life estate. Frank H. Kerrigan, Judge.

The facts are stated in the opinion.

Isaac Frohman, and Frohman & Jacobs, for Appellants.

Benjamin Healy, George A. Proctor, and John J. Roche, for Catherine I. Tracey, Respondent.

Briggs & Hudner, for Sarah Rouke, Respondent.

COOPER, C.—Appeal from order denying motion to vacate decree terminating life estate. One Phillips died testate in February, 1880, leaving surviving him his wife Bridget and three minor children. By his will he left his property to his surviving wife during her life. The will was duly admitted to probate, the widow appointed executrix thereof, and letters issued to her.

In March, 1890, the estate was finally distributed to the widow (whose name was then Bridget De Campos) for life, and after her death to Sarah, the daughter, and Catherine I. Tracey, the granddaughter, share and share alike. Bridget De Campos, after the decree of distribution, entered into the enjoyment of her life estate, and continued in the use and enjoyment of the same until her death in January, 1900. At the time of her death she was the widow of De Campos, he having died prior thereto, but she left no child by the latter marriage. The sole surviving heirs and devisees under the will of Phillips and the decree of distribution made thereunder, at the time of the death of Bridget, were Sarah (then Sarah Rouke) and the grandchild, Catherine I. Tracey.

The real estate distributed consisted of two separate lots of land, on Lewis Street, in the city and county of San Francisco. Bridget De Campos left a last will and testament, which was admitted to probate in June, 1900, and appellant was appointed the executor thereof. Letters testamentary were issued to him, and he has ever since continued to be such executor.

In July, 1900, Catherine I. Tracey duly filed in the superior court her verified petition, describing the Lewis-Street lots, setting forth the fact of the death of Bridget De Campos, and that the life estate had terminated, and asking for a decree to that effect, and that the title to one half the property be declared vested in her. This petition was filed under section 1723 of the Code of Civil Procedure, which provides that such petition may be filed, ''and thereupon, and after such notice, by publication or otherwise, as the court may order, the court shall hear such petition, and the evidence offered in support thereof, and if, upon such hearing, it shall appear that such life estate of such deceased person absolutely terminated by reason of his death, . . . the court shall make a decree to that effect, and thereupon a certified copy of such

decree may be recorded in the office of the county recorder, and thereafter shall have the same effect as a final decree of distribution so recorded." The proceedings under this section partake of the nature of proceedings *in rem*. The petition is addressed to the superior court, and not the probate court, and is similar to a complaint or petition in equity. (*In re De Leon,* 102 Cal. 541.)

After filing said petition the court ordered notice to be given, and afterwards made a decree that the life estate had terminated, and that the undivided one half of the whole of the real estate described in the petition had vested absolutely in petitioner. The appellant, as executor, made a motion to vacate and set aside the said decree, on the ground that the same was taken against him without notice and through surprise, and that the ends of justice would be furthered by granting said motion. The motion was made upon affidavits, and in said affidavits it is stated that one of the Lewis-Street lots was community property of said Phillips and his wife Bridget, that a homestead upon said lot was duly selected, acknowledged, and recorded in the lifetime of both parties, and that by reason of the said homestead the lot, on the death of Phillips, vested, under the statute, absolutely in Bridget as the surviving spouse. It is thus claimed that the lot so selected as a homestead was never any part of the assets of the estate of Phillips, and therefore the absolute property of Bridget De Campos at the time of her death, and in no way a part of the property in which she held a life estate. This claim is made for the purpose of showing merits in the application to be relieved from the decree, and of course cannot be passed upon in this proceeding. If the claim is true, then the homestead lot was no part of the assets of the estate of Phillips. If the court acquired jurisdiction of the interested parties by notice, as prescribed by the statute, the decree is valid, otherwise not. It is evident that the proceeding, being out of the ordinary course of actions in which the summons must be personally served, and having the effect of a final decree of distribution, must not be construed to include cases except such as come clearly within its terms. It is more than a mere proceeding *in rem,* because by it the court is asked to make its decree that an estate has ceased and termi-

nated. The result of almost every action, as to property or property rights, is to finally determine that a claim or alleged right to property is not valid as to one party but is valid as to the other. Its effect may be to terminate an estate that before was thought to be valid. We will measure this case by the provisions of the statute, and, when so measured, the court did not acquire jurisdiction. The statute contemplates some notice, and this notice must be to the parties who are interested in the life estate sought to be declared terminated by judicial decree. In this case appellant, as executor of the will of Bridget De Campos, deceased, was at least one of the interested parties. If the homestead lot was the absolute property of his testate, and not held for the term of her life only, it was his duty to claim the same and protect it for her devisees or legatees. Let us then examine these proceedings, as to whether any notice of any kind was given to him. The petition to terminate the life estate is entitled, "In the matter of the petition of Catherine I. Tracey, to terminate life estate created under the last will and testament of Joseph Phillips, deceased." The order directing notice recites that from the reading of the petition it appears "that said Joseph Phillips . . . is dead; that the life estate created in and under and by virtue of the last will and testament of said deceased absolutely terminated by reason of his death." Then, after fixing a time and place for hearing the petition, it directs the clerk to give notice "of the time and place so appointed for the hearing of said petition to all persons interested in the estate of said deceased by posting notices," etc. This order, it will be seen, states that the estate created in and by virtue of the will of said deceased absolutely terminated by his death. How an estate created by his will could terminate by his death is a difficult problem. If the recital in the order is true, the life estate was born dead, as it could not be created by the will until the party making the will died, and then it absolutely terminated by his death. The notice was directed to be given to those interested in the estate of said deceased. Appellant, as executor of Bridget De Campos, was not interested in the estate of Phillips, deceased. The estate of Phillips had been closed and distributed. The notice should have been to the parties interested in the life

estate of Bridget De Campos and in the property sought to be affected by the decree. The estate of Phillips having been distributed and closed no one thereafter had any interest in it, because there was no such estate. The notices given by the clerk by posting followed the order and were equally defective. They referred to the life estate created under the will of Joseph Phillips, deceased, and notified "all persons interested in the said estate" to appear at the time and place named in the order. They contained no notice to all persons interested in the property described in the petition, nor to all persons interested in the estate of Bridget De Campos, deceased. In all cases in which the statute allows a constructive service, or in which jurisdiction may be obtained of the thing by a prescribed form of notice, in which the real party in interest had no actual notice, and did not appear or subject himself to the jurisdiction of the court, the mode of service prescribed by the statute must be strictly pursued. .(*Jordan v. Giblin*, 12 Cal. 100; *Cohn v. Kember*, 47 Cal. 145; *Forbes v. Hyde*, 31 Cal. 344; *Ricketson v. Richardson*, 26 Cal. 149; *Pearson v. Pearson*, 46 Cal. 635; *Heinlen v. Heilbron*, 94 Cal. 636.)

In this case the appellant made his motion promptly to be relieved of the decree as soon as he learned of its entry, and in less than six months thereafter. The notice had not been personally served upon him, and he brought himself within the spirit of the rule laid down in the Code of Civil Procedure (sec. 473). And where a motion of this kind is made, and the circumstances are such as to lead the court to hesitate, the better rule is to grant the application so as to secure a trial upon the merits. (*Wolff v. Canadian Pacific Ry. Co.*, 89 Cal. 332; *Merchants' Ad-Sign Co. v. Los Angeles etc. Co.*, 128 Cal. 621.) And where the court did not acquire jurisdiction by reason of an attempted constructive service which was void, the judgment was vacated upon motion, although ten years had elapsed since its entry. (*People v. Pearson*, 76 Cal. 400.)

The conclusion we have reached can do no injustice. If part of the property described in the decree is the property of the estate of Bridget De Campos, and no part of the estate of Phillips, it should not be included therein. The decree as made declared that the undivided one half of the property "is now vested in said petitioner" absolutely. While this is

not an appeal from the decree, we think it proper to remark that the court is not given power under the section to declare in whom upon termination of a life estate title is vested absolutely. It is empowered to make a decree that the life estate of a deceased person has absolutely terminated.

The order should be reversed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is reversed. Henshaw, J., McFarland, J., Temple, J.