[S. F. No. 3512. Department Two.—October 18, 1905.]

## CORINA MATHEA HANSEN, Appellant, v. UNION SAVINGS BANK, Respondent.

HOMESTEAD UPON COMMUNITY PROPERTY—INSUFFICIENT DECLARATION BY WIFE.—A declaration of homestead by the wife alone upon the community property, which fails to state, as required in section 1263 of the Civil Code, ''that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit,'' is fatally defective and invalid.

ID.—THOUSAND-DOLLAR HOMESTEAD—CONSTRUCTION OF CODE.—The defective declaration by the wife cannot have the effect to create a thousand-dollar homestead under sections 1266-1269 of the Civil Code, the provisions of which relate solely to persons other than a husband, or wife, or head of a family.

ID.—PETITION TO DETERMINE RIGHT TO HOMESTEAD—INSUFFICIENT NOTICE—WANT OF JURISDICTION.—Where the wife filed a petition under section 1723 of the Code of Civil Procedure for a decree determining that the alleged homestead vested in her upon the death of her husband, the mere posting of a copy of an order fixing the time and place of hearing, without notice addressed to any person or class of persons, was insufficient to give the court jurisdiction to hear the proceeding or render a decree therein.

ID.—CONSTRUCTION OF CODE—OBJECT OF PROCEEDING—DEATH OF PARTY. —Section 1723 of the Code of Civil Procedure is only intended to have it determined that a party is dead, upon whose death the asserted right depends, and not to have the validity of the right conclusively adjudicated.

APPEAL from a judgment of the Superior Court of Alameda County. F. B. Ogden, Judge.

The facts of are stated in the opinion of the court.

John M. Lewis, and I. F. Chapman, for Appellant.

Reed & Nusbaumer, for Respondent.

McFARLAND, J.—This is an action to quiet title to a certain described lot of land. Judgment went for defendant, and the plaintiff appeals from the judgment.

On August 26, 1895, the lot in question was owned by appellant's husband, Jens Hansen, since deceased, as com-

munity property, and on that day he mortgaged it to respondent to secure his note for six hundred and fifty dollars. Afterwards respondent brought an action to foreclose the mortgage, making said Jens and appellant herein both parties defendant. They both made default, and judgment was rendered foreclosing the mortgage, and at a sale under the judgment respondent was purchaser, and in due time received a deed. On May 12, 1895, before the execution of the said mortgage, appellant made and caused to be recorded the following instrument: "Know all men by these presents, that I do hereby certify and declare that I am married, and that I do now, at the time of making this declaration, actually reside with my family on the land and premises hereinafter described. [Then follows the description of the lot of land involved in this present action.] That it is my intention to use and claim the said lot of land and premises above described, together with the dwelling-house thereon, and its appurtenances, as a homestead, and I do hereby select and claim the same as a homestead. That the actual cash value of the said property I estimate to be twenty-five hundred dollars." The foregoing is all of the instrument except the date, signature, and acknowledgment. At that time she was the wife of Jens Hansen, and resided on the premises with him; and there was not residing on said premises any one of the persons mentioned in section 1261 of the Civil Code, other than her husband. This instrument was clearly invalid as a declaration of homestead by a married woman living with her husband, because it omitted certain material statements required by the law. By section 1262 of the Civil Code it is provided that "in order to select a homestead the husband, or other head of a family, or in case the husband has not made such selection, the wife," must execute and acknowledge a declaration of homestead; and in section 1263 it is provided that "the declaration must contain a statement showing that the person making it is the head of a family; or, when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit." These statements last above quoted are not in the instrument relied on in the case at bar, and it therefore does not constitute a valid declaration of homestead.

Appellant contends that, although the instrument be invalid under the sections of the code above referred to, still it is good as a one-thousand-dollar homestead, under chapter 3 of title 5 of the Civil Code,—sections 1266 to 1269,—which provides for a "homestead of other persons." But that chapter evidently refers to persons other than a husband, wife, or head of a family, whose rights to a homestead are declared in preceding sections. Clearly a wife's homestead is governed by sections 1262 and 1263 above referred to. When the wife seeks to establish a homestead she must make the declaration provided by section 1263. The code does not contemplate that a husband may establish a valid five-thousand-dollar homestead, and that the wife, under the category of "other persons," may have an additional and separate one-thousand-dollar homestead.

Appellant makes the contention that the validity of her asserted homestead has been conclusively established as against respondent by a certain proceeding taken and judgment rendered under section 1723 of the Code of Civil Procedure; but this contention is not maintainable. It is provided by that section that, if any person has died who was the owner of a life estate in property, or was one of the spouses owning land as a homestead, or was a married woman and the owner of community property which passed upon her death to the surviving husband, any person interested in the property or the title thereto may file in the superior court his verified petition setting forth these facts, and thereupon, "and after such notice by publication or otherwise as the court may direct," the court shall hear the petition and evidence, and "if upon such hearing it shall appear that said life estate of such deceased person absolutely terminated or such homestead or community property vested in the survivor of such marriage, the court shall make a decree to that effect," and a copy of the decree shall be recorded and shall have the same effect as a final decree of distribution. Under this section the appellant filed a petition setting up her alleged right of homestead, and praying that it be decreed that the said alleged homestead property vested in her by reason of the death of her said husband, Jens Hansen. The court made an order fixing a certain time and place for the hearing of the petition, and that "notice of said hearing be given by

the posting of a copy of this order in three of the most prominent places in the county of Alameda, at least ten days prior to said day." Afterwards a county clerk made an affidavit that he had posted the said order in three prominent places in said county, naming them, more than ten days prior to the day fixed for the hearing. There was no notice directed to any person, or to any class of persons. This notice, under the decision in the *Matter of Tracy*, 136 Cal. 385, [69 Pac. 20], was radically defective, and did not give to the court any jurisdiction to hear the proceeding or render a decree. Moreover, this section 1723 is, in our opinion, only intended as a proceeding to have it determined that a certain person is dead upon whose death the asserted right of another person depends, and not to have the validity of the right conclusively adjudicated. The decree in the proceeding merely determines that, if the party petitioning has any asserted right or title accruing on the death of another person, such asserted right or title has accrued. This view was substantially declared in the *Matter of Tracy*, 136 Cal. 385, [69 Pac. 20],—although, perhaps, the declaration was *obiter*,— where the court said: "It is proper to remark that the court is not given power under the section [1723] to declare in whom upon termination of a life estate title is vested absolutely. It is empowered to make a decree that the life estate of a deceased party has absolutely terminated." Of course, it is often convenient and important to those interested in or examining a title to have some record evidence of the death of a life tenant, a homestead claimant, or other person upon whose death some right or estate vests.

Under the foregoing views it is not necessary to consider whether the decree in the proceeding under section 1723, initiated by appellant, really undertakes to establish the absolute validity of her homestead claim, or to consider other points made by respondent in support of the judgment.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.