[L. A. No. 2409.   In Bank.—March 14, 1911.]

CHARLES W. KING, as Administrator with the Will Annexed of the Estate of Cornelia A. Chase, Deceased, Appellant, v. CHARLES W. PAULY and CHARLES A. CHASE, as Executors of the Will of Levi Chase, Deceased, Respondents.

ESTATES OF DECEASED PERSONS—PROCEEDINGS UNDER SECTION 1723 OF CODE OF CIVIL PROCEDURE—ACTION IN EQUITY TO DETERMINE COMMUNITY PROPERTY IN WIFE'S NAME—ABSENCE OF PARTIES—STATUTORY PROCEEDING.—When a complaint under section 1723 of the Code of Civil Procedure states a case in equity to quiet title to alleged community property held in the wife's name, if all necessary parties had appeared before the court, the decree therein would be conclusive; but where there was no personal representative of the deceased wife before the court, and not all of her heirs were before the court, this court is bound to consider the decree relied on solely as one given in the special proceeding provided by that section, and to give to it, in the event that the proceedings had were all in strict accord with the requirement of that section, only such effect as upon a proper construction of the section, must be given to a decree under its provisions.

ID.—OBJECT OF STATUTORY PROCEEDING—DECISION.—It is settled by the decision of this court that the proceeding provided for by section

1723 of the Code of Civil Procedure was only intended as a proceeding to have it determined that a certain person is dead upon whose death the asserted right of another person depends, and not one to have the validity of the right conclusively adjudicated.

ID.—CONDITIONAL EFFECT OF DECREE.—The decree in the proceeding under that section merely determines that, if the party petitioning has any asserted right or title accruing on the death of another person, such asserted right or title has accrued. It is often convenient and important to those interested in or examining a title to have some record evidence of the death of a life-tenant, a homestead claimant, or other person upon whose death some right or estate vests.

ID.—DECISION AS TO CONSTRUCTION AND EFFECT OF DECREE NOT OBITER DICTUM.—The decision of this court in the case of *Hansen* v. *Union Savings Bank,* 148 Cal. 157, as to the construction to be given to section 1723 of the Code of Civil Procedure, and as to the effect of the decree, is not *obiter dictum.* It was one of two grounds upon which the court held that a decree adjudicating the validity of a homestead right asserted under that section did not establish the validity of the asserted right.

ID.—DISTINCT GROUNDS OF DECISION—EACH GROUND NOT "MERE DICTUM."—While it is not "necessary" to the decision of an appellate court that there should be more than one good ground or reason therefor, yet there may be more than one ground, and where the court bases its decision on two or more distinct grounds, each ground so specified is, as much as any of the others, one of the grounds a ruling upon which is upon a question involved in the case, and not "mere *dictum."*

ID.—DECREE UPON NOTICE PROVIDED FOR NOT CONCLUSIVE—DUE PROCESS OF LAW NOT PROVIDED FOR.—It is not to be supposed that the legislature contemplated that a conclusive adjudication of rights should be made under the notice provided for in section 1723 of the Code of Civil Procedure, which does not by its terms require or provide for that due process of law which is required by the state and federal constitutions. In order to constitute due process of law, in any action against known defendants, personal service of summons is essential, and publication of same as against non-residents must not be less than two months. But under that section the decree may be made after such notice by publication or otherwise as the court may order, which might be satisfied by publication for one day, or posting of a notice one day before the hearing.

ID.—QUESTION NOT ARGUED NOR DECIDED—MODIFICATION OF OPINION—CONCLUSIVENESS OF DECREE UPON HEIRS APPEARING.—It is held that the question whether the decree rendered under section 1723 of the Code of Civil Procedure was conclusive upon such heirs as appeared before the court and submitted themselves to its jurisdiction, was not argued or decided, and that this court will not modify the decree in that respect upon petition for rehearing, but that there is nothing in

the opinion that can be taken as foreclosing this question in future proceedings in the cause.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, and Patterson Sprigg, for Appellant.

Stearns & Sweet, James E. Wadham, and Wadam & Pritchard, for Respondents.

ANGELLOTTI, J.—This is an action to quiet plaintiff's title to certain real property in the city of San Diego. Defendants had judgment and plaintiff appeals.

Plaintiff's claim was that the property in question was the separate property of his intestate, Cornelia A. Chase, at the time of her death, January 23, 1896. Said Cornelia was at the time the property was acquired (November 12, 1868) the wife of Levi Chase, the executor of whose will is one of the defendants, and was named as the grantee in the deed by which the property was acquired, and the title to said property thenceforth and to the time of her death stood in her name. One of defendants' claims was that the *status* of such property as community property and the consequent absolute vesting of the same as such community property in said Levi Chase, her surviving husband, at the time of her death, without administration, was conclusively determined by the decree made and given in a certain proceeding instituted by the surviving husband in the year 1903, under the provisions of section 1723 of the Code of Civil Procedure. This action was determined in the trial court solely upon this claim, it being held, in accord with defendants' contention, that the effect of such decree was to foreclose inquiry of the question whether this property was, in fact, separate property of said Cornelia, and to vest the same as community property in the surviving husband. The question is thus squarely presented as to the effect of the proceedings had by such surviving husband under section 1723 of the Code of Civil Procedure.

That section provides:

"If any person has died or shall hereafter die who at the time of his death was the owner of a life estate which terminates by reason of the death of such person, or if such person at the time of his death was one of the spouses owning lands as a homestead, which lands by reason of the death of such person, vest in the surviving spouse; or if such person was a married woman who at the time of her death was the owner of community property which passed upon her death to the surviving husband; any person interested in the property, or in the title thereto, in which such estates or interests were held, may file in the superior court of the county in which the property is situated, his verified petition setting forth such facts, and thereupon and after such notice by publication or otherwise, as the court may order, the court shall hear such petition and the evidence offered in support thereof, and if upon such hearing it shall appear that such life estate of such deceased person absolutely terminated by reason of his death, or such homestead or community property vested in the survivor of such marriage, the court shall make a decree to that effect, and thereupon a certified copy of such decree may be recorded in the office of the county recorder, and thereafter shall have the same effect as a final decree of distribution so recorded."

In the proceedings instituted in the superior court of San Diego County by the surviving husband under this section the matter was entitled "In the Matter of the Title to certain Real Estate, being Community Property, and standing of record in the name of Cornelia A. Chase, deceased." His verified petition alleged the death of his wife and other facts showing that the property was community property. It alleged the names and residences of the heirs of deceased, twelve in number and all except one being non-residents of the state. It asked for a decree adjudging that said property was community property and that the same vested absolutely in petitioner upon the death of his wife. The court on February 12, 1903, made its order reciting the filing of said petition, with a statement describing the property and showing the relief asked by petitioner, fixing March 13, 1903, at two o'clock P. M. and the courtroom of the court as the time and place for hearing the petition "at which time and place any person interested may appear and show cause, if any they have, why the

prayer of said petitioner should not be granted," and direct-
ing that a copy of the order be forthwith mailed to the heirs
named in said .petition at their respective places of residence,
and published in the *San Diego Union* and *Daily Bee* at least
once a week for four consecutive weeks. The judgment given
June 24, 1903, establishes that notice was given in the man-
ner and for the time fixed by this order, and also that "certain
heirs" answered and by their counsel appeared at the hearing.
The answer is not set forth and which or how many of the
heirs thus subjected themselves to the jurisdiction of the court
does not appear, but it is clear that all the heirs did not do
so and there is no claim that any legal representative of the
deceased appeared in the proceedings. The court found in
accord with the allegations of the verified petition, and de-
creed that the property was community property of said Levi
and Cornelia A. Chase at the time of the death of the latter,
and at such death vested absolutely in Levi Chase as the
surviving husband. A certified copy of this decree was re-
corded in the office of the county recorder of San Diego County
on June 28, 1903.

We have no doubt that if all of the persons interested in
the estate of Cornelia A. Chase had actually appeared and
submitted themselves to the jurisdiction of the court in the
proceedings brought by Levi Chase, the decree would have the
effect claimed for it by defendants. As in the *Matter of the
Estate of De Leon,* 102 Cal. 537, [36 Pac. 864], the facts stated
in the petition filed in the superior court were such as to
entitle the petition to be treated as an ordinary complaint in
equity, and the court had jurisdiction of the subject-matter
of an action in equity to determine the title of real property
in the county and of such parties as personally appeared and
submitted themselves to its jurisdiction, as well as of such
parties as were regularly brought within its jurisdiction by
service of process in the manner and form prescribed for such
actions. (See *Estate of De Leon,* 102 Cal. 537, [36 Pac. 864].)
But, in view of what we have heretofore said, this cannot avail
here, as neither any legal representative of the deceased Cor-
nelia A. Chase nor all of her heirs were shown to have ap-
peared or to have been so served with process. And we are
therefore bound to consider the decree relied on solely as one
given in the special proceeding provided by section 1723 of

the Code of Civil Procedure, and to give to it, in the event that the proceedings had were all in strict accord with the requirements of the section, only such effect as, upon a proper construction of the section, must be given to a decree made under its provisions.

It was squarely decided by Department Two of this court in the case of *Hansen* v. *Union Savings Bank*, 148 Cal. 157, [82 Pac. 768], that the proceeding provided by section 1723 of the Code of Civil Procedure was only intended as a proceeding to have it determined that a certain person is dead upon whose death the asserted right of another person depends, and not one to have the validity of the right conclusively adjudicated. The court further said: "The decree in the proceeding merely determines that, if the party petitioning has any asserted right or title accruing on the death of another person, such asserted right or title has accrued," and also. "Of course, it is often convenient and important to those interested in or examining a title to have some record evidence of the death of a life tenant, a homestead claimant, or other person upon whose death some right or estate vests."

It is urged that what was here said as to the construction of the section and the effect of the decree was mere *dictum*, but clearly this is not so. It was one of two grounds upon which the court held that a decree given under this section, adjudicating the validity of a homestead right asserted by the petitioner to have existed as to the lands involved at the time of the death of her husband, did not establish the validity of the asserted right, and that a court in a subsequent action to quiet title was free to pass upon the question of the validity of the alleged homestead right, and declare it invalid, which it did. The first ground was, it is true, that proper notice had not been given of the hearing of the petition presented under section 1723 of the Code of Civil Procedure, and that the court therein had, therefore, not acquired jurisdiction to make the decree. The second ground was, assuming proper notice to have been given, the ground we first stated. There is no more reason for saying that what was said therein as to the first ground constitutes the real decision and that what was said as to the second was mere *dictum,* than there is for saying that what was said as to the second ground is the vital part, and what was said as to the first *obiter dictum.*

While it is not "necessary" to the decision of a question by an appellate court that there should be more than one good ground or reason, there may be more than one, and where the court bases its decision on two or more distinct grounds, each ground so specified is, as much as any of the others, one of the grounds, a ruling upon questions involved in the case, and not "mere *dictum.*"

To hold here in accord with the contention of defendants as to the conclusive effect of the decree on the question of the validity of the asserted right would be, therefore, to repudiate the doctrine of *Hansen* v. *Union Savings Bank,* 148 Cal. 157, [82 Pac. 768], on that question, for there is no material distinction in this regard between an asserted homestead right and an asserted community property right. This, of course, the court in Bank would not hesitate to do if satisfied that the doctrine was wrong, and that property rights had not been acquired in reliance on the former decision which could be effected by the repudiation thereof. We are, however, not satisfied that the views expressed in this decision as to the proper construction of section 1723, of the Code of Civil Procedure, are erroneous. It is true that the question is by no means free from doubt in view of some of the language used, but the construction adopted is not necessarily inconsistent with the language used, and when we consider the method of procedure provided, appears much more reasonable. A proceeding the decree in which would have the effect of conclusively determining that certain real property standing in the name of a deceased married woman was community property of herself and her husband at the time of her death, and not her separate property, is practically nothing more than a proceeding to quiet an alleged title of one claiming property as or under the survivor of the community, against others claiming or who may claim the same property under the deceased wife on the theory that it was her separate property. If it was, in fact, her separate property, it vested upon her death, subject to administration, in her heirs or devisees, and if community property is vested in her surviving husband without administration, and never constituted any part of her estate. The proceeding by or under the survivor of the community would practically be one against those who succeed to or are interested in the wife's estate to have it determined

that by reason of certain alleged facts they have no interest in the particular property described. It is not to be supposed that the legislature contemplated that a conclusive adjudication as to these alleged facts might be made against those claiming under the wife without such notice to them and opportunity to defend as would comply with the requirements of our federal and state constitutions as to due process of law. Yet section 1723, of the Code of Civil Procedure, provides that the court may hear the petition and make the decree contemplated by its terms "after such notice by publication or otherwise, as the court may order." A publication of a notice in proper form in one issue of a local newspaper on the day before the time fixed for hearing, or a posting of such notice at the courthouse door, one day before the time fixed for hearing, would apparently conform to the requirements of this section, if such was the notice prescribed by the court. We do not believe that it can seriously be claimed that such notice would constitute due process in a proceeding of the character this is claimed by defendants to be, especially as against non-resident defendants. In any *action* against known defendants, personal service of summons is essential under the statutes of this state whenever it can be had, and publication of summons where personal service cannot be had, and where it is sought to obtain jurisdiction as to a defendant residing out of the state or absent therefrom, the publication must not be less than two months. In the light of these statutory requirements as to ordinary actions, it appears almost incredible that the legislature could have contemplated that a proceeding which in its whole effect and scope would be nothing less than an ordinary action to quiet title could be had and conclusively determined upon such notice to those interested in the property as is authorized by the section. It is much more reasonable to conclude that it merely contemplated a proceeding having for its object, as said in the Hansen case, the establishment of some record evidence "of the death of a life tenant, a homestead claimant, or other person upon whose death some right or estate vests." The importance of such evidence is as apparent in the case of the death of a wife where there is community property as in the other cases included in section 1723, in view of the restrictions imposed by section 172 of the Civil Code upon the husband in the

matter of a conveyance of community property during the life of his wife.

As originally adopted in the year 1881, section 1723 was confined to the determination of the question of the termination of a life estate held by a deceased, which life estate terminated by reason of his death. The section then provided, as it does now, that if on the hearing it shall appear "that such life estate of such deceased person absolutely terminated by reason of his death, the court shall make a decree to that effect," and contained a provision as to the filing of a certified copy of the decree in the office of the county recorder and that the same shall thereafter "have the same effect as a final decree of distribution so recorded." It was held in *In the Matter of Tracey*, 136 Cal. 390, [69 Pac. 20], that under the provisions relating to life estates, a court had no power "to declare in whom upon termination of a life estate title is vested absolutely," and that it was empowered simply to make a decree that such life estate of a deceased person has absolutely terminated. As to such a case it may very reasonably be said that the only thing intended to be determined was the fact of death of the owner of such life estate, so that some record evidence might exist of a death upon which the rights of other parties depended, and that it was not intended to provide thereby for a conclusive adjudication of the question whether the deceased had only such a life estate in the property. The provision as to the effect of the decree means no more, of course, than that it shall have such effect simply in regard to the matters intended to be determined by the proceedings. The provisions as to the contents of the petition and the findings of the court thereon may be accounted for on the theory that it was intended that the petitioner must allege and establish such an interest in the matter as would give him a right to have the fact of death established of record.

The provisions as to homestead and community property were inserted by amendment in the year 1897, and it is not unreasonable to assume that they were intended solely for the same purpose as the provision in regard to life estates.

As we have said, the question as to the true meaning of section 1723 of the Code of Civil Procedure is not free from doubt, and were it a new question in this court a different

conclusion might reasonably be reached. But we consider it one definitely determined by a prior decision, and are not satisfied that the doctrine established thereby is erroneous.

The judgment is reversed and the cause remanded for a new trial.

Sloss, J., Lorigan, J., Shaw, J., Melvin, J., and Henshaw, J., concurred.

BEATTY, C. J., concurring.—I concur. Considered by itself section 1723 of the Code of Civil Procedure would seem to demand the construction contended for by the respondents. But that construction, in my opinion, would bring it in conflict with the constitution, and therefore, I think, we are bound to confine its operation within the more restricted limits indicated by our former rulings.

A petition for modification of the judgment was denied on April 13, 1911, and the following opinion was rendered thereon:

THE COURT.—In denying the petition for modification of the judgment it is proper to say that the question whether the decree had in the proceeding under section 1723 of the Code of Civil Procedure is conclusive against such of the persons interested in the estate of Cornelia A. Chase, deceased, as actually appeared in that proceeding and submitted themselves to the jurisdiction of the court, while not conclusive against other persons interested who did not appear, has not been argued by counsel for any party, or considered by the court. There is nothing in the opinion that can be taken as foreclosing this question in future proceedings in this cause.

The petition for a modification of the opinion is denied.