[Civ. No. 1002.   First Appellate District.—March 11, 1912.]

H. H. McPIKE, Appellant, v. H. B. MEHRMANN, Administrator, etc., Substitute in Place of ALLEN SMALL, Executor of Will of OLIVE COULSON, Deceased, et al., Respondents, and FRANK McMANN, ELLA F. Mc-MANN, HATTIE DONLON, and FRANK McMANN, as Executor of the Will of ROBERT COULSON, Deceased, Appellants.

STATUTORY PROCEEDING BY HUSBAND TO DETERMINE VESTING OF COM-
MUNITY PROPERTY IN NAME OF DECEASED WIFE—REPRESENTATIVES
OF DECEASED WIFE NOT CONCLUDED IN PARTITION.—A statutory pro-
ceeding, under section 1723 of the Code of Civil Procedure, to have it
determined that real property standing in the name of the deceased
wife was community property which vested in the husband at the
time of her death, does not constitute a conclusive adjudication
against the representatives of the deceased wife, who were in the

possession of the property, and were not parties thereto, and were not before the court, so as to give it the effect of an equitable decree as against them; and it may be shown by them in a subsequent action for partition, in which the representatives of the deceased wife and of the deceased husband are before the court, that the property was the separate property of the wife, and it may be so found and adjudged by the court.

Id.—Purpose of Statutory Proceeding—Conditional Effect of Decree.—The statutory proceeding taken under section 1723 of the Code of Civil Procedure is only intended as a means to have it determined that a person is dead, upon whose death the asserted right of another person depends, and not to have the validity of that right conclusively adjudicated. The decree in the proceeding, as respects persons not parties, merely determines conditionally that if the party petitioning has any asserted right or title accruing on the death of another person, such right or title has accrued.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

John T. Thornton, for Plaintiff-Appellant.

H. W. Bradley, for Frank McMann et al., Appellants.

Robert Edgar, and Edward C. Harrison, for H. B. Mehrmann, Administrator, etc., Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment against him and from an order denying his motion for a new trial, in an action for the partition of certain real property.

January 20, 1906, Olive Coulson died, leaving a last will and testament, which was duly admitted to probate, and Allen Small qualified as executor thereof. At the time of her death the three parcels of real property, the subject of this controversy, stood of record in her name, and she left as her surviving spouse Robert Coulson. September 26, 1906, Robert Coulson filed a petition under the provisions of section 1723, Code of Civil Procedure, and after ten days' notice by publication in a daily newspaper a hearing was had, and the court made its decree, adjudging that the property here

involved was community property, and vested absolutely in Robert Coulson, as the surviving spouse of Olive Coulson, upon her death. The executor of the estate of Olive Coulson, deceased, although in possession of the property at the time, received no personal notice of said proceedings, and consequently did not appear therein.

September 6, 1906, Robert Coulson made and executed a deed to an undivided one-third of said real property to the plaintiff herein. Subsequently Robert Coulson died, leaving a will, and Frank McMann was appointed executor of his estate. November 8, 1906, this action was commenced against the estate of Olive Coulson and against the executor and devisees under the will of Robert Coulson, the plaintiff alleging the ownership of the property to be exclusively in himself and in the estate of Robert Coulson as tenants in common, and praying for a partition thereof.

All the defendants except the executor of the estate of Olive Coulson, deceased, filed answers admitting the allegations of the complaint. Said executor filed an answer, denying that the plaintiff was the owner or holder of any estate in said real property, and setting up that the estate of Olive Coulson, deceased, was the owner in fee simple and in possession thereof.

During the pendency of the cause Allen Small, the said executor, died, and H. B. Mehrmann, being appointed administrator of the estate of Olive Coulson, deceased, was substituted in his place as defendant.

At the trial the executor of the estate of Olive Coulson, deceased, introduced evidence tending to show that she at the time of her death and prior thereto was the owner in fee simple absolute of all of the real property described in the complaint. Plaintiff, on the other hand, depended entirely on the decree in the proceedings instituted by Robert Coulson above referred to.

The court by its decree adjudged that the real property in question belonged to the said estate of Olive Coulson, deceased, in fee simple, and quieted the title of said estate against the plaintiff and against the codefendants of said executor.

Section 1723, Code of Civil Procedure, provides that if any person shall die who was the owner of a life estate, or if such person at the time of his death was one of the spouses

owning a homestead, or if such person was a married woman who at the time of her death was the owner of community property which passed upon her death to a surviving husband, any person interested in the property may file a petition setting forth the facts, "and thereupon, after such notice by publication or otherwise as the court may order, the court shall hear such petition and the evidence offered in support thereof; and if upon such hearing it shall appear that such life estate of such deceased person absolutely terminated by reason of his death, or such homestead or community property vested in the survivor of such marriage, the court shall make a decree to that effect, and thereupon a certified copy of such decree may be recorded in the office of the county recorder, and thereafter shall have the same effect as a final decree of distribution so recorded."

The question in controversy here was recently squarely decided against the position of the appellants in the case of *King* v. *Pauly*, 159 Cal. 549, [115 Pac. 210]. There, at the time of the death of one Cornelia Chase, there stood of record in her name certain real property which had been acquired while she was the wife of one Levi Chase. After her death, pursuant to proceedings instituted by said Chase under the terms of said section 1723, Code of Civil Procedure, the property was held to be community property, and consequently to vest absolutely in him as the surviving spouse of Cornelia. Subsequently the plaintiff—who derived title from said Cornelia—claiming that said property was her separate property, commenced an action to quiet his, said plaintiff's, title thereto. After declaring that if all the persons interested in the estate of Cornelia Chase had actually appeared in the proceeding or were regularly brought within the jurisdiction of the court by service of process, the proceeding would be treated as an ordinary action in equity, and the superior court would have jurisdiction to determine the title to the property, the court held (Mr. Justice Angelotti writing the opinion) that as "neither any legal representative of the deceased Cornelia Chase nor all of her heirs were shown to have appeared or to have been served with process," the court "was bound to consider the decree solely as one given in the special proceeding prescribed by section 1723 of the Code of Civil Procedure," and to give it such effect as a proper construction of that section warranted.

So construing it the court decided that the proceeding was only intended as a means "to have it determined that a certain person is dead, upon whose death the asserted right of another person depends, and not one to have the validity of the right conclusively adjudicated." Quoting from *Hansen* v. *Union Savings Bank*, 148 Cal. 157, [82 Pac. 768], the court further said: "The decree in the proceeding merely determines that, if the party petitioning has any asserted right, or title, accruing on the death of another person, such asserted right or title has accrued. . . . It is often convenient and important to those interested in or examining a title to have some record evidence of the death of a life tenant, a homestead claimant, or other person upon whose death some right or estate vests."

On the authority of that case and the cases there cited, the judgment and order appealed from are affirmed.

Lennon, P. J., and Hall, J., concurred.