(November 30, 1897.)

## WILCOX v. DEERE.

[51 Pac. 98.]

DECLARATION OF HOMESTEAD—DESCRIPTION OF PROPERTY.—A declaration of homestead which describes certain town lots, and also one hundred and sixty acres of farm land, alleging that "on a portion of which the claimant, with family, is residing," is void for indefiniteness.

DECLARATION MADE BY WIFE, WHAT TO CONTAIN.—It is requisite that a declaration of homestead should contain substantially the statements set forth in section 3071 of the Revised Statutes, and where the declaration is made by the wife, the husband living, it should state that the husband "has not made such declaration, and that she therefore makes the declaration for their joint benefit."

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

E. E. Chalmers and J. C. Rich, for Appellant.

The conveyance from Francis Wilcox to appellant was legitimate and even favored in the eye of the law. Even if considered as a voluntary conveyance, without consideration, it was not necessarily fraudulent on that account, even as to existing creditors, and the property is not liable for debts by him afterward contracted. (*Bull v. Bray,* 89 Cal. 286, 26 Pac. 873; *Peck v. Brummagin,* 31 Cal. 440, 89 Am. Dec. 195; *In re McEachran,* 82 Cal. 219, 23 Pac. 46; *Morgan v. Hecher,* 74 Cal. 540, 16 Pac. 317.) It appears, without contradic-

tion, that appellant's husband, Francis Wilcox, was perfectly solvent at all times from 1861 to 1890 after the time of the contract between Deere, Wells & Co. and Francis Wilcox & Sons. If, therefore, said conveyance be considered as a gift, it is valid, allowed and even favored in law as against the respondents who were subsequent creditors. (*Barker v. Koneman,* 13 Cal. 9; *Kane v. Desmond,* 63 Cal. 464; *Windhaus v. Bootz* (Cal.), 25 Pac. 404; S. C., 92 Cal. 617, 28 Pac. 557.) A conveyance by a husband to his wife, while in solvent circumstances is good, and the property thus acquired becomes her separate estate. (*Higgins v. Higgins,* 46 Cal. 260; *Woods v. Whitney,* 42 Cal. 358; *Hussey v. Castle,* 41 Cal. 238; *Arp v. Jacobs,* 3 Wyo. 489, 27 Pac. 800; *Barker v. Koneman,* 13 Cal. 9.) A husband may pay his wife as a preferred creditor a debt which he owes her. (*Chapman v. Summerfield,* 36 Kan. 610, 14 Pac. 235; *Cooper v. First Nat. Bank,* 40 Kan. 5, 18 Pac. 937; *Cook v. Cockins,* 117 Cal. 140, 48 Pac. 1025.) Parol evidence is admissible to vary the recited consideration of a deed when attacked for fraud. (2 Wharton on Evidence, secs. 1043-1050; 1 Greenleaf on Evidence, secs. 285, 304; *Irvine v. McKeon,* 23 Cal. 472; *Rhine v. Ellen,* 36 Cal. 362.) A declaration of homestead describing several tracts of land separately is good as to that tract occupied by the family, to the value of $5,000. (*McDonald v. Badger,* 23 Cal. 394, 83 Am. Dec. 123.) Where part of the land selected is taken, the balance may be held as a homestead. (*Spencer v. Geissman,* 37 Cal. 96, 99 Am. Dec. 248.)

T. L. Glenn and R. S. Spense, for Respondents.

The declaration of homestead attempted to be made, executed and filed for record by the wife is fatally defective. It does not state that the declaration is made for the joint benefit of the husband and wife. It does not describe the tract of land claimed as a homestead. (*Adams v. Knowlton,* 22 Cal. 288; *Booth v. Galt,* 58 Cal. 254; *Ashley v. Olmstead,* 54 Cal. 616; *Ames v. Eldred,* 55 Cal. 136; *Knock v. Bunnell* (Cal.), 21 Pac. 961.) The declaration describes two tracts of land. They are not contiguous. They are a mile and a half apart, "upon a portion of which the claimant, with family, are re-

siding, and which is hereby claimed as a homestead." The tracts must be contiguous. Upon which is this alleged homestead? Upon which is the claimant residing? The description is fatally defective. There is a fatal ambiguity in the location of the residence, and it cannot be helped by oral testimony. (*Boreham v. Bryne,* 83 Cal. 23, 23 Pac. 212.) The acknowledgment is void. (*Kennedy v. Gloster,* 98 Cal. 143, 32 Pac. 941.)

HUSTON, J.—Respondents recovered judgment in the district court for Bear Lake county against Francis Wilcox and George E. Wilcox, partners as Francis Wilcox & Son, and J. C. Rich. Execution was issued upon such judgment, and levied upon certain real estate claimed to be owned by the appellant, and this action was brought to enjoin the sale of said real estate thereunder. The court finds as matter of fact: "That Francis Wilcox and the appellant intermarried some time in the year 1861, and are still man and wife. (2) That the property described in the complaint was acquired by the act of Congress known as the 'Townsite Act,' and was deeded by George Osmond, as probate judge of said Bear Lake county, Idaho, under said townsite act, and through and by the rules and regulations of the state of Idaho in such cases made and provided, to Francis Wilcox, on the twenty-ninth day of September, A. D. 1881. (3). That the defendants Deere, Wells & Co. were engaged in the business of the manufacture of farm implements and farm machinery at Council Bluffs, in the state of Iowa; and Francis Wilcox, being about to engage in the business of dealing in farm implements at Paris, Idaho, on the tenth day of January, A. D. 1890, entered into a contract in writing to purchase from defendants his stock in trade, on a credit of four, six, and twelve months, and on that day purchased from defendants farm implements, which the defendants delivered to the said Wilcox on the fifteenth day of March, A. D. 1890, which amounted to about $1,500; that shortly thereafter the said Francis Wilcox purchased from the defendants farm implements to the value of about $1,700, under the terms of said contract; that on the twenty-eighth day of July, 1890, the whole of said indebtedness, ex-

cept about $100, was put in promissory notes executed by Francis Wilcox and George E. Wilcox, payable to defendants; these notes were afterward renewed, and the judgment obtained at the September term, 1893, of said court, and referred to and described in the complaint in this action, and in which action judgment was recovered for the sum of $1,503, was founded on a part of said notes.   (4) That said Francis Wilcox entered into the contract mentioned in the third finding of fact herein with intent to cast the risks and losses of said business, if any there should be, upon the defendants.   (5) That on the fourteenth day of January, 1890, said Francis Wilcox, without consideration, and with intent to hinder, delay, and defraud the defendants, and other creditors, conveyed the property described in the complaint to the plaintiff in this action; and she accepted the same, to aid and abet him to hinder, delay and defraud the defendants in the collection of their claim against him.   (6) That Francis Wilcox, at the time he· entered into the contract stated in the third finding of fact herein, had no property except that described in the complaint, and two other pieces of real estate (one of four and one-half acres, of the value of about $300, and the other of one hundred and twenty acres, of the value of $1,500) ; that on the nineteenth day of September, 1890, Francis Wilcox and the plaintiff in this action, without consideration, conveyed the four and one-half acres to their son, George E. Wilcox, and he, three days afterward, without consideration, conveyed the same to his mother, the plaintiff herein, and she conveyed the same to one F. Passey, who claims to be a purchaser for value, without notice, and without fraud; that on the first day of August, 1891, Francis Wilcox, without consideration, conveyed the one hundred and twenty acres to his wife, the plaintiff herein, and she thereafter conveyed the same to Sidney Darke, of Salt Lake City, Utah, plaintiff's brother in law, who now claims to be the owner thereof.   (7) That the plaintiff did not on the twenty-third day of July, 1890, nor at any time before or since, file a declaration of homestead on said premises, and she has no homestead thereon.   (8) That on the twenty-ninth day of September, 1892, the defendants Charles Deere, S. H. Velie, M. Rosenfield, and Lucius Wells, partners as Deere,

Wells & Co., commenced an action in this court against Francis Wilcox and George E. Wilcox, partners as Francis Wilcox & Son, and J. C. Rich, as defendants, and on the twenty-third day of September, 1893, judgment was rendered and entered in said cause in favor of the plaintiff therein, and against the defendants; that on the twenty-second day of August, 1896, an execution was issued out of this court upon said judgment, and placed in the hands of M. J. Davis, sheriff of said county, who upon the same day levied it upon the premises described in the complaint, and on the twelfth day of October, 1896, he was duly served with a writ of injunction, an order for which was obtained in this cause on the same day, prohibiting him from selling or disposing of said property." And the court further finds as conclusions of law: "(1) The property described in the complaint is community property, and not the separate property of Rebecca Ann Wilcox, and as such is liable for the debts of the said Francis Wilcox. (2) That said Francis Wilcox conveyed said property to the said Rebecca Ann Wilcox with intent to hinder and defraud his creditors, and she holds the title thereto in secret trust to Francis Wilcox." "(5) That the defendants Charles Deere, S. H. Velie, M. Rosenfield, and Lucius Wells, partners as Deere, Wells & Co., are entitled to have the injunction heretofore issued in this action dissolved, and said action dismissed, D. W. Standrod, Judge." Judgment was rendered in accordance with these findings, from which judgment this appeal is taken.

The plaintiff claims that the property in question, to wit, lot No. 4 in block No. 13 in section 11, and section 2, township 14 south, of range 43 east of Boise meridian, United States survey of Paris townsite, and containing one acre of land, is her separate property; that the same was conveyed to her by her said husband, Francis Wilcox, on the fourteenth day of January, 1890. Plaintiff further claims that she filed a homestead on said real estate on the twenty-third day of June, 1890, a copy of which declaration of homestead is set forth in the transcript, and is as follows: "The undersigned, wife of Francis Wilcox, who is the head of a family consisting of Francis Wilcox, wife, and eleven children, hereby makes the following selection and declaration of homestead (her husband, Francis

Wilcox, having failed to make said declaration), to wit: Lot four (4) in block thirteen (13) in section 11, and section 2 in township 14 south, of range forty-three (43) east, Boise meridian, Bear Lake county—the same being in Paris townsite entry, and containing one (1) acre of land, with the improvements thereon; also, the east half of the northeast quarter, and north half of southeast quarter, of section No. fifteen (15), in township No. fourteen (14) south, of range No. forty-three (43) east, Boise Meridan, Bear Lake county, Idaho, and containing one hundred and sixty acres, more or less, upon a portion of which the claimant, with family, are residing, and which is hereby claimed as a homestead, under sections 3070 to 3073, inclusive, of the Revised Statutes of Idaho. The estimated value of the above-described properties is about $4,000, cash valuation. The first above described tract of land herein described is the separate property of this claimant, and the second described tract is community property, other parties owning certain interests therein; the same being excepted from the operation of this declaration. Dated at Paris, Bear Lake county, Idaho territory, this twenty-third day of June, A. D. 1890. [Signed] Rebecca Ann Wilcox." This declaration of homestead is clearly invalid. If anything is inferable from it, it is that at the time it was filed the plaintiff was living upon the farm property, situate some miles distant from the property she is now claiming as a homestead. We have carefully examined the evidence in this case as the same appears in the record, and are satisfied that the conclusions reached by the district court are correct. Judgment of the district court is affirmed, with costs.

Sullivan, C. J., and Quarles, J., concur.