[No. 11596. Department Two. November 29, 1913.]

JASON COVERT et al., *Appellants*, v. ROBERT BURGER et al.,
*Respondents*.[1]

HOMESTEADS—DECLARATION—STATUTES. An unacknowledged dec-
laration of homestead is not valid as against an execution, under
Rem. & Bal. Code, § 558, requiring that the declaration be executed
and acknowledged.

Appeal from a judgment of the superior court for Spo-
kane county, Blake, J., entered April 22, 1913, dismissing
an action to quiet title, upon sustaining a demurrer to the
complaint. Affirmed.

*H. J. Hibschman*, for appellants.

*S. Edelstein*, for respondents.

[1]Reported in 136 Pac. 675.

Morris, J.—This appeal presents a question of law, simple of statement: Whether or not a declaration of homestead, without the statutory acknowledgment, is valid as against an execution. The lower court held it was not.

Our statute relating to the mode of selecting homesteads, Rem. & Bal. Code, § 558 (P. C. 223, § 59) provides as follows:

"In order to select a homestead the husband or other head of a family, or in case the husband has not made such selection, the wife must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record."

The two following sections contain provisions for the contents of the declaration and its recording. Section 558, however, seems to us controlling. The contents and record of the instrument avail nothing unless it has been executed with the formality required by the statute. Appellant contends that acts of this character should be liberally construed in order to carry out the humane public policy involved in their enactment. This is doubtless true. But while courts may, and should, construe these statutes liberally in order to preserve the rights they guarantee, it does not follow that such statutes should be construed so as to abrogate or repeal them. To liberally construe a statute is to expand its meaning to meet cases which are clearly within the spirit or reason of the law, or within the evil it is sought to remedy, provided such interpretation does not do away with, or is not inconsistent with, the language used. Black, Interpretation of Laws, 282. To so read this statute in such a way as to omit the provision for an acknowledgment is to do away entirely with the language used, and say that, when the legislature says a thing shall be done, the court may, because it has in mind the purpose of the act, say the requirement may be omitted; and since, in this case, this requirement is the only purpose of the statute and the only thing with which it treats, it would mean an absolute repeal. This is something the

courts cannot do. They may interpret the law and declare its meaning, but they can neither add to nor take from.

This identical question has never been submitted to us before, although in two cases, *Whitworth v. McKee*, 32 Wash. 83, 72 Pac. 1046, and *Donaldson v. Winningham*, 48 Wash. 374, 93 Pac. 534, 125 Am. St. 937, we have said that, since the passage of the act of 1895, of which this statute is a part, no homestead right can be acquired without the execution, acknowledgment, and record required in the act. This language, while not addressed to the point now submitted, is decisive of the principle involved, that the statutory requirement must be fulfilled in order to obtain the rights the statute protects. All other states having like statutory provisions, so far as our investigation goes, have held that the declaration must be acknowledged in substantial conformity to the statute or else it will not constitute a homestead. *Beck v. Soward*, 76 Cal. 527, 18 Pac. 650; *Kennedy v. Gloster*, 98 Cal. 143, 32 Pac. 941; *Richardson v. Woodstock Iron Co.*, 90 Ala. 266, 8 South. 7, 9 L. R. A. 348; *Woodstock Iron Co. v. Richardson*, 94 Ala. 629, 10 South. 144; *Burbank v. Kirby*, 6 Idaho 210, 55 Pac. 295, 96 Am. St. 260. In the last citation, after stating the rule here adhered to, and adopting the reasoning of the California cases, *supra*, the court adds:

"It is the act of the owner of the property, whereby such owner secures a right or privilege given him by the statute, and which is in derogation of the common law and common right, and which can only be secured by a substantial compliance with the provisions of the statute, conditions precedent to the investiture of the property with the exceptional character contemplated."

The question submitted is therefore answered in the negative, and the judgment is affirmed.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.