(November 6, 1915.)

## WITS–KEETS–POO and ELLA ANDERSON, Nez Perce Indian Women, Appellants, v. J. G. ROWTON and HOMER C. ROWTON, Respondents.

[152 Pac. 1064.]

COMMUNITY PROPERTY—ABANDONMENT AS RESIDENCE—CONVEYANCE BY HUSBAND ALONE AFTER ABANDONMENT.

1. Where a husband conveyed community property and the wife did not join in the deed of conveyance, and the premises in question had formerly been occupied as a residence by the husband and wife, but the evidence shows they had ceased to reside upon the property, or occupy it in any manner, for some time before the date of said deed, and that their acts and conduct were sufficient to constitute an abandonment of residence and ownership, *held*, that under sec. 2686, Rev. Codes (as it existed prior to the amendments, Sess. L. 1913, p. 425, and Sess. L. 1915, p. 186), and sec. 3106, Rev. Codes, restricting the conveyance of community property, said conveyance by the husband alone constituted a valid transfer of title.

[As to domicile of husband as being that of wife, see note in 84 Am. St. 27.]

2. Under the statutes as they existed prior to the amendments of sec. 2686, Rev. Codes, *supra*, a residence could be changed or abandoned by the husband at any time without the consent of the wife, and when such change or abandonment had taken place, the community property formerly constituting such residence was again under the control of the husband, unless such property had been dedicated as a homestead as provided by law, the same as any other community property not occupied as a residence by such husband and wife.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action for the cancellation of a deed and recovery of possession of real property. Judgment for defendants. *Affirmed.*

W. H. Casady, for Appellant.

The burden is on the party who asserts abandonment or change of residence to prove the same. (*Bradshaw v. Hurst,*

57 Iowa, 745, 11 N. W. 672, and cases cited; 21 Cyc. 621; *Balzer v. Pence* (Iowa), 76 N. W. 731; *Beecher v. Baldy,* 7 Mich 488; *Union Stock Yds. Bk. v. Smout,* 62 Neb. 227, 87 N. W. 14; *Edwards v. Reid,* 39 Neb. 645, 42 Am. St. 607, 58 N. W. 202; *Doman v. Fenton,* 96 Neb. 94, 147 N. W. 209.)

Secs. 2686 and 3106, Rev. Codes, which were in force at the time the deed in question was made, should be liberally construed, to the end that the purposes intended by the laws should the better be advanced and secured. (*Howell v. McCrie,* 36 Kan. 636, 59 Am. Rep. 584, 14 Pac. 257; *Pilcher v. Atchison etc. R. Co.,* 38 Kan. 516, 5 Am. St. 770, 16 Pac. 945; *Myrick v. Bill,* 5 Dak. 167, 37 N. W. 369.)

Where husband and wife leave their home for temporary reasons and with the intention of returning and again making it their home, or where their removal is due to some casualty or some overruling necessity, there is no abandonment, and such acts do not even raise a presumption of abandonment. (*Moss v. Warner,* 10 Cal. 296; *Lyons v. Andry,* 106 La. 356, 87 Am. St. 299, 31 So. 38, 55 L. R. A. 724; *Gibbon v. Hall* (Tex. Civ. App.), 59 S. W. 814; *Andrews v. Davis,* 18 Utah, 200, 55 Pac. 363; *Kerr v. South Park Commrs.,* 8 Biss. 276, Fed. Cas. No. 7733.)

"If any acts of abandonment, short of acquiring a new homestead, will defeat a homestead estate, they must be such as afford unequivocal evidence of an intent to abandon it." (*Silloway v. Brown,* 12 Allen (94 Mass.), 30; *Drury v. Bachelder,* 11 Gray (77 Mass.), 214; *Connor v. McMurray,* 2 Allen (84 Mass.), 202, 204.)

"An abandonment of a homestead, by husband or wife, alone, does not validate a conveyance of same without the other's signature." (*Rogers v. Day,* 115 Mich. 664, 69 Am. St. 593, 74 N. W. 190; *Belden v. Younger,* 76 Iowa, 567, 41 N. W. 317; *Bruner v. Bateman,* 66 Iowa, 488, 24 N. W. 9.)

"The subsequent abandonment of a homestead will not validate a conveyance made which was void by statute because not joined in by wife." (*Letzerich v. Lidiak,* 31 Tex. Civ. App. 120, 70 S. W. 773; *Pipkin v. Williams,* 57 Ark. 242, 38

Am. St. 241, 21 S. W. 433; *Lunt v. Neeley,* 67 Iowa, 97, 24 N. W. 739; note in 95 Am. St. 920, and cases cited.)

If the husband represents to a grantee or mortgagee that no homestead right exists in the property, or engages in any conduct which would estop him, were he alone concerned, but in which the wife does not participate, the latter's rights remain unaffected.   (21 Cyc. 550; *Barber v. Babel,* 36 Cal. 11; *Williams v. Swetland,* 10 Iowa, 51; *Weatherington v. Smith,* 77 Neb. 363, 124 Am. St. 855, 109 N. W. 381, 13 L. R. A., N. S., 430; *Giles v. Miller,* 36 Neb. 346, 38 Am. St. 730, 54 N. W. 551.)

W. N. Scales, for Respondents.

"The mode of creating a homestead in lands prescribed by statute is exclusive."   (*Rosenthal v. Merced Bank,* 110 Cal. 198, 42 Pac. 640; *Law v. Spence,* 5 Ida. 244, 48 Pac. 282.)

"A residence can be changed or abandoned at any time by the husband without the consent of the wife, and when such change or abandonment has taken place the property is again under the absolute control of the husband, unless the same has been dedicated as a homestead, as provided by law." (*Law v. Spence, supra.*)

Where the possession, occupancy and use of land by a grantee is acquiesced in by grantors, the latter are estopped from asserting any rights in the land.   (*Grice v. Woodworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584.)

BUDGE, J.—This is an action for the cancellation of a deed, and for the recovery of the possession of certain real estate described in the complaint.   This cause was tried before the court without a jury and resulted in a judgment in favor of defendants, from which plaintiffs appeal.

The plaintiffs allege in their complaint that they are Nez Perce Indian women; that the property in question was the community property of one William Wilson and his wife, Sally Ann Wilson, also an Indian woman, which real estate was occupied and used by them as a residence and homestead; that on November 12, 1907, William Wilson and Sally Ann

Wilson executed and delivered to J. G. Rowton a note in the sum of $1,500, secured by a mortgage conveying said premises to the defendant J. G. Rowton, which mortgage was duly recorded; that on March 16, 1909, William Wilson executed a deed for said premises to J. G. Rowton, but that Sally Ann Wilson did not join with her husband in the execution or acknowledgment of said deed; that on the last-named date, J. G. Rowton took exclusive possession of these premises and continued to hold exclusive possession of the same until about February 21, 1910, when he and Emma L. Rowton, his wife, sold and conveyed the same to the defendant Homer C. Rowton, their son, the latter taking with notice of the above-mentioned facts; that William Wilson died without issue on or about March, 1910, leaving his wife, Sally Ann Wilson, as his sole and only surviving heir at law; that Sally Ann Wilson, who was a sister of this plaintiff Wits-Keets-Poo and an aunt of this plaintiff Ella Anderson, died without issue on or about February 29, 1913, leaving plaintiffs Wits-Keets-Poo and Ella Anderson as her only surviving heirs at law.

The defendants in their answer deny certain allegations of plaintiffs' complaint specifically, and others on information and belief.

And for a second and separate defense defendants allege the execution and delivery of the note and mortgage of date, November 12, 1907, and that thereafter, and long prior to March 16, 1909, William Wilson and Sally Ann Wilson removed from and ceased to reside on the land described in plaintiffs' complaint or any portion thereof; that after they had ceased to reside on these premises and on March 16, 1909, William Wilson executed and delivered to defendant J. G. Rowton his deed, conveying to defendant all the land described in the complaint, which deed was duly filed of record; that since the execution and delivery of this deed, J. G. Rowton has sold and conveyed the premises in question to Homer C. Rowton, who is now the owner thereof.

There are several assignments of error specified by appellants and upon which they rely for a reversal of this cause. However, upon an investigation, we have reached the con-

clusion that there is but one question involved in this case, which we will proceed to dispose of.

The record clearly establishes the following facts:

That William Wilson and Sally Ann Wilson were husband and wife; that William Wilson entered the land described in plaintiffs' complaint under the homestead laws of the United States, and secured a patent therefor; that he and his wife, Sally Ann Wilson, executed and delivered to defendant J. G. Rowton a note for $1,500 secured by a mortgage upon these premises, which note and mortgage were canceled at the date of the conveyance of the land in question by deed from William Wilson to J. G. Rowton, viz., March 16, 1909.

It is conceded that neither William Wilson nor his wife, Sally Ann Wilson, ever filed a declaration of homestead upon these premises, and it is not denied that immediately after the execution of the deed from Wilson to J. G. Rowton, the latter went into possession of these premises and continued in possession until he sold the same to his son, Homer C. Rowton, about February 21, 1910. It is further conceded that at the date of the execution and delivery of the deed from William Wilson to J. G. Rowton, Wilson and his wife did not reside upon the premises conveyed, but had removed therefrom and were living near the village of Kamiah, about fourteen miles distant.

The court found that William Wilson and Sally Ann Wilson, his wife, were not residing upon or occupying the premises described in the deed sought to be set aside by this action as a home or a residence at the time of the execution and delivery of the deed, but that they had removed therefrom and had ceased to reside thereon; which finding counsel for appellant assigns as error.

This brings us to a discussion of the questions involved in this case: First: Did the premises constitute a homestead under secs. 3198 to 3201, Rev. Codes, inclusive? or, second, Was the property occupied as a residence by William Wilson and his wife at the date of the execution and delivery of the deed to J. G. Rowton? Had it been so occupied, it would have been necessary for Sally Ann Wilson to join with her

husband in the deed to Rowton, under secs. 2686 and 3106, Rev. Codes, which, at that time, provided as follows:

"Sec. 2686. The husband has the management and control of the community property, with the like absolute power of disposition (other than testamentary) as he has of his separate estate; but such power of disposition does not extend to the homestead or that part of the common property occupied or used by the husband and wife as a residence."

"Sec. 3106. No estate in the homestead of a married person, or in any part of the community property occupied as a residence by a married person can be conveyed or encumbered by act of the party, unless both husband and wife join in the execution of the instrument by which it is so conveyed or encumbered, and it be acknowledged by the wife as provided in chapter 3 of this title."

That the premises described in the deed to Rowton were community property is unquestioned. However, it is admitted that no homestead declaration had been filed by either Wilson or his wife, as provided by secs. 3198, 3199, 3200 and 3201, Rev. Codes. Therefore, no homestead, as defined by said sections of the Revised Codes, had been selected, and in the absence of a compliance with the statutes, the husband had the absolute power of disposition of the community property, the same as of his separate estate (other than testamentary), unless the property were occupied or used by Wilson and his wife as a residence at the time of the execution and delivery of the deed by Wilson to Rowton—March 16, 1909.

The testimony offered in support of and against this issue of fact raised by the pleadings is conflicting. Witnesses for appellants testified that William Wilson and his wife changed their residence temporarily, prior to the execution and delivery of the deed, from Wilson to Rowton, due to serious damages caused by an unprecedented hailstorm that swept through the particular section of the country in which their ranch was located, destroying all the grass and herbage growing thereon, and compelling Wilson and his wife to change their place of residence in order to obtain fall pasturage and

winter feed for their cattle and horses; but that they fully intended to return to the ranch the following spring.  Respondents' witnesses testified that the storm swept over the country as related by appellants' witnesses, yet the removal of Wilson and his wife was not due to that fact; that their removal was not temporary but permanent, as evidenced by the condition which prevailed upon the ranch subsequent to their removal; that the Wilsons took with them all of their belongings, including their household effects, cattle and horses, and subsequently disposed of their machinery; and that the home in which they had formerly lived was used as a shelter by domestic animals of other people ranging in that vicinity. It is also in evidence that Wilson offered his property for sale prior to the time the same was purchased by respondent J. G. Rowton; and that at no time did Wilson or his wife return to or re-establish their residence upon the premises in controversy; that the amount of the note and mortgage was applied as part of the purchase price of the Wilson ranch and the balance of the purchase price was paid to Wilson upon the execution of the deed to Rowton.

We have carefully examined the evidence in the case, and in our opinion the finding made by the trial court that Wilson and his wife, prior to March 16, 1909, the date of the execution and delivery of the deed, had removed from and ceased to reside upon the premises conveyed to Rowton, or to occupy or use the same as their residence, is fully supported by the evidence, and that their acts and conduct were sufficient to constitute abandonment of the property as a residence. That being true, under the law as it then existed, a conveyance of the premises by the husband constituted a valid transfer of title without the wife joining in the execution of such conveyance.

Sec. 2675, Rev. Codes, provides: "The husband is the head of the family.  He may choose any reasonable place or mode of living, and the wife must conform thereto."

It was held in the case of Law v. Spence, 5 Ida. 244, 48 Pac. 282: "The only estate or interest the wife has in that portion of the community property which is occupied as a residence,

and not dedicated as a homestead, is subject to the control of the husband, except as to alienation or encumbrance, as prescribed by the statutes.

"A residence can be changed or abandoned at any time by the husband without the consent of the wife, and when such change or abandonment has taken place the property is again under the absolute control of the husband, unless the same has been dedicated as a homestead, as provided by law." (See, also, *Ray v. Ray,* 1 Ida. 566; *Wright v. Westheimer,* 3 Ida. 232, 35 Am. St. 269, 28 Pac. 430; *Wilcox v. Deere,* 5 Ida. 545, 51 Pac. 98; *Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708; *Grice v. Woodworth,* 10 Ida. 459, 109 Am. St. 214, 80 Pac. 912, 69 L. R. A. 584.)

It was held in the case of *Jackson v. Sackett,* 146 Ill. 646, 35 N. E. 234, and cases therein cited: "Where there is a removal from the homestead premises, it will be taken as an abandonment, unless it clearly appears that there is an intention to return and occupy."

Sec. 2686, Rev. Codes, was amended, Sess. Laws 1913, p. 425, and was again amended, Sess. Laws 1915, p. 186. The latter amendment provides: "The husband has the management and control of the community property except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he shall not sell, convey, or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered."

Thus, under sec. 2686, Rev. Codes, it was not necessary for the wife to join with the husband in the conveyance of their community property unless the same had been impressed with a declaration of homestead or was community property occupied or used by the husband and wife as a residence. But under the amendment of 1915, *supra,* the husband, while he still has the management and control of the community property, cannot sell, convey or encumber the same unless the wife join with him in executing or acknowledging the deed or other

instrument of conveyance by which the real estate is sold, conveyed or encumbered, whether impressed with a homestead declaration or used or occupied as a home.

The judgment of the trial court is affirmed, and costs are awarded to the respondents.

Sullivan, C. J., and Morgan, J., concur.