[No. 24315. Department Two. June 29, 1933.]

UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant,* v. GUY ALLOWAY *et al., Respondents.*[1]

[1]Reported in 23 P. (2d) 408.

*Revelle, Revelle & Kells,* for appellant.

*Fred H. Dore,* for respondents.

STEINERT, J.—Plaintiff brought this action to quiet title to certain real estate. The defendant May Alloway made claim to the property on two grounds: (1) that the property was a homestead and, therefore, not subject to sale under execution; (2) that it was her separate property and, therefore, not subject to execution upon a judgment for a community debt. The court made findings of fact and conclusions of law adverse to plaintiff, and thereupon entered its decree dismissing the complaint and quieting title to the land in the defendant May Alloway as her sole and separate property. The plaintiff has appealed.

The material facts are not in dispute. On February 2, 1929, R. W. Jacobson & Co. recovered judgment against respondent Guy Alloway on a community debt which arose in July, 1928. Appellant became the assignee of the judgment, and on July 15, 1930, caused execution to be issued thereon. Pursuant thereto, the land here in question was sold at sheriff's sale and appellant became the purchaser thereof on August 23, 1930. After the period of redemption had expired, this action to quiet title was instituted by appellant.

According to the evidence, it appears that, on February 18, 1926, while the land was still community property, Mrs. Alloway filed a declaration of homestead thereon. Subsequently, on January 3, 1929, the

husband deeded his interest in the land to his wife. On February 18, 1930, after the entry of the above judgment, Mrs. Alloway executed a mortgage on the land for two thousand dollars in favor of respondent Jones, who was her brother.

The principal question presented upon this appeal is whether the declaration of homestead is valid. The declaration was signed and acknowledged on February 18, 1926, but no notarial seal was then affixed to the acknowledgment. In this condition, the instrument was filed for record on the next day. Thereafter, on October 28, 1930, after the judgment held by appellant had been obtained, and after sale of the land under execution, a notarial seal was affixed to the declaration and the instrument again recorded. The seal, however, evidenced a commission for a term beginning January 7, 1927, which was subsequent to the date of the acknowledgment.

The statute requires that a declaration of homestead be acknowledged in the same manner as a grant of real property, and then recorded. Rem. Rev. Stat., §§ 558 and 560. It is, of course, true that a deed is valid as between the parties to the instrument without acknowledgment. Though unacknowledged, it operates, nevertheless, as a contract for a deed and conveys equitable title. *Edson v. Knox,* 8 Wash. 642, 36 Pac. 698; *In re Deaver's Estate,* 151 Wash. 454, 276 Pac. 296. Not so with a declaration of homestead. It is neither a conveyance nor a contract. There is no transfer of, or change in, title, nor any agreement of transfer or change. It is merely an act of the owner whereby he avails himself of, and secures, a right or privilege given him by the statute. The privilege thus sought and obtained is wholly a creature of, and its validity depends upon, a compliance with the statute that permits the homestead to come into existence.

*Hookway v. Thompson,* 56 Wash. 57, 105 Pac. 153; *Covert v. Burger,* 76 Wash. 454, 136 Pac. 675; *Washburn v. Wilen,* 96 Wash. 480, 165 Pac. 403.

From what has already been stated, it is apparent that the statute was not in the first instance complied with. If we endeavor to give efficacy to the execution of the declaration of homestead as of the date on which the seal was actually attached, we are then met with an equally insuperable barrier. The seal, when attached, did not add anything, nor give any effect, to the acknowledgment, because the notarial commission which gave the seal its virtue had not yet then come into existence. On the other hand, when the notary affixed the seal, she did not then take a new acknowledgment, but relied on the old one, which was moribund. The acknowledgment could only be animated by the affixing of a seal which of itself possessed vitality. The commission which would permit the affixing of a seal to the acknowledgment taken had expired.

We must therefore hold that the declaration of homestead never came into being. While innocent oversight or mistake in situations such as is here presented may sometimes lead to harsh results, we can not read out of the statute one of its plain, mandatory provisions.

■ Another question involved upon the appeal arises out of the claim that the land was the separate property of Mrs. Alloway, and therefore was not subject to execution upon a judgment for a community debt. Respondents' difficulty, under this situation, is, as the court found, that the community was indebted to the appellant at and before the time that the husband executed his deed to Mrs. Alloway. Under Rem. Rev. Stat., § 10572, conveyances between husband and wife do not affect any existing equity in favor of creditors of the grantor at the time of such conveyance. Con-

struing that statute, we held in *Sallaske v. Fletcher,* 73 Wash. 593, 132 Pac. 648, 47 L. R. A. (N. S.) 320, Ann. Cas. 1914D, 760, that the term "existing equities" is broad enough to include contingent liabilities as well as existing absolute debts. In that case, there was the attempt, as here, to convert community property into separate property. In the case at bar, there was an absolute debt which subsequently became merged in a judgment. The subsequent deed, therefore, could not defeat or affect appellant's existing equity arising out of the community obligation; much less could it affect the judgment obtained thereon. The mortgage, being of still later date, would, of course, have no greater effect than the deed on which it rested.

The judgment of the trial court must be, and is, reversed, with instruction to enter a judgment and decree quieting appellant's title to the property as against the claims of respondents.

BEALS, C. J., TOLMAN, MAIN, and BLAKE, JJ., concur.