COOPMAN et ux. v. CITIZENS STATE
BANK OF OMAK et al.

No. 8128.

Circuit Court of Appeals, Ninth Circuit.
May 11, 1936.

Hughes & Hughes and R. L. Clinton, all of Wenatchee, Wash., for appellants.

D. A. Shiner and R. D. Kendall, both of Wenatchee, Wash., for appellees.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Appellants petitioned the trial court for leave to amend the schedules of their petition in voluntary bankruptcy relating to the homestead exemption and for an order setting aside to Frances Coopman a homestead upon certain real estate occupied by her and her husband as a home. Appellants' application was denied and this appeal was taken from the order.

In their petition appellants allege that on April 12, 1935, Frances Coopman executed and recorded a declaration of homestead; that this declaration was null and void because the commission of the notary public who took the acknowledgment had expired 15 days prior thereto (March 28, 1928); that on June 21, 1935, appellants filed a voluntary petition in bankruptcy in which they claimed the homestead as exempt, and on that day they were duly adjudged bankrupts. They allege that on July 20, 1935, at the first meeting of the creditors in the bankruptcy proceeding they ascertained for the first time that the declaration of homestead made and recorded June 21, 1935, was void; that on July 25, 1935, appellants recorded a new declaration of homestead. Appellants allege that at that time, although a judgment had been rendered against them on April 12, 1935, they had received no notice in writing of the entry of such judgment and that at the time of the filing of the new declaration of homestead appellant Frances Coopman was still the owner of the homestead "subject to the bankruptcy proceedings." Appellants prayed for leave to amend Schedule B of their bankruptcy petition in order to set forth the homestead exemption under the new declaration of homestead filed July 25, 1935, and for an order "that said homestead exemption be allowed your petitioners in conformity with declaration of homestead filed July 25, 1935."

It appears from the foregoing that the appellants concede that at the time the voluntary petition in bankruptcy was filed they had no homestead because the declaration was not properly acknowledged. The decision of the Supreme Court in White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (an appeal from this Circuit) holds that the matter of exemption of the bankrupt's property from execution must be determined as of the date of the filing of the petition under the law of the state. The appellants concede the force of this decision, but seek to invoke the power of the court to redress the hardship resulting to the appellants by reason of the mistake of the person who acted as notary. The court has no authority to do this. The right to a homestead exemption is a privilege given by statute. (Rem.Rev.Stat. Wash. § 528 et seq.). That privilege by the terms of the statute depends among other things upon the timely execution, acknowledgment, and recordation of a declaration of homestead. If not properly acknowledged, it is ineffective. United States Fidelity & Guaranty Co. v. Alloway, 173 Wash. 404, 23 P.(2d) 408; Covert v. Burger, 76 Wash. 454, 136 P. 675. The decisions relied upon by the appellants, In re Kaufmann (D.C.Wis.) 142 F. 898, 900, Goodman v. Curtis (In re Goodman) (C. C.A.) 174 F. 644, 646, were rendered prior to White v. Stump, supra, and were in effect overruled thereby, so far as this question is concerned.

Affirmed.