[No. 26432. Department One. April 8, 1937.]

CLARA SHEMILT, *as Administratrix and Individually, Appellant,* v. ALEX STUROS *et al., Respondents.*[1]

*Stratton, Leader, Little & Stratton,* for appellant.

*John F. Dore* and *T. M. Royce,* for respondents.

BLAKE, J.—December 26, 1935, a judgment was entered in the superior court of King county in favor of plaintiff and against the defendants. The action was for the wrongful death of plaintiff's husband, resulting from a collision of an automobile, in which he was riding, with a truck owned by defendants. The collision ocurred November 18, 1932.

December 6, 1933, the defendant wife filed a declaration of homestead on certain property in King county.

[1]Reported in 66 P. (2d) 1169.

Plaintiff, conceiving the declaration insufficient under the statute to effectuate a homestead, brought this action to have it declared invalid. Among other things, the statute (Rem. Rev. Stat., § 559 [P. C. § 7890]; Laws 1895, chapter 64, § 31, p. 113) provides:

"The declaration of homestead *must* contain,—

"(1) A statement showing that the person making it is the head of a family; or when the declaration is made by the wife, *showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit*; . . ." (Italics ours.)

The declaration failed to comply with the italicized clause of the statute.

At the close of plaintiff's case, defendants interposed a challenge to the sufficiency of the evidence, which the court sustained. From judgment dismissing the action, plaintiff appeals.

The sole question is whether substantial compliance with the above italicized clause of Rem. Rev. Stat., § 559 [P. C. § 7890], is essential to the validity of the declaration.

While the specific question does not appear to have been presented to this court before, we have held generally that compliance with the statute is prerequisite to a valid declaration. *Whitworth v. McKee,* 32 Wash. 83, 72 Pac. 1046; *Donaldson v. Winningham,* 48 Wash. 374, 93 Pac. 534, 125 Am. St. 937; *Hookway v. Thompson,* 56 Wash. 57, 105 Pac. 153. See, also, *Covert v. Burger,* 76 Wash. 454, 136 Pac. 675, and *United States Fidelity & Guaranty Co. v. Alloway,* 173 Wash. 404, 23 P. (2d) 408, wherein the court held that failure to acknowledge, as required by Rem. Rev. Stat., § 558 [P. C. § 7889] (Laws 1895, chapter 64, § 30, p. 113), renders the declaration invalid. In the *Covert* case, the court said: "No homestead right can be acquired

without the execution, acknowledgment, and record required in the act." And in the *Alloway* case:

"The privilege thus sought and obtained is wholly a creature of, and its validity depends upon, a compliance with the statute that permits the homestead to come into existence."

Under these decisions and under the plain terms of the act, we think it essential to a valid declaration of homestead by a wife that it show "that her husband has not made such a declaration, and that she therefore makes the declaration for their joint benefit."

Under statutes with identical provisions, the supreme courts of California and Idaho have so held. *Cunha v. Hughes*, 122 Cal. 111, 54 Pac. 535, 68 Am. St. 27; *Hansen v. Union Savings Bank*, 148 Cal. 157, 82 Pac. 768; *Wilcox v. Deere*, 5 Idaho 545, 51 Pac. 98.

Respondents seek to sustain the judgment on the authority of *Hancock Mutual Life Ins. Co. v. Wagner*, 174 Wash. 185, 24 P. (2d) 420, 27 P. (2d) 1118. We fail to see any analogy between that and the instant case. In that case, the sufficiency of the declaration was challenged because of the estimated "actual cash value" of the property. It is obvious that the claimant gave the estimated cash value of the equity in the property over and above encumbrances which were of record. The court held that to be a substantial compliance with subd. 4, of § 559 [P. C. § 7890]. Here, there was no compliance whatever with that clause of the statute which we have been considering.

Judgment reversed.

STEINERT, C. J., MAIN, and GERAGHTY, JJ., concur.

MILLARD, J. (dissenting)—I am of the view that the declarant fulfilled the requirement of the statute when she showed that she was "the head of a family," and that, by her declaration, which reads as follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, KA-TINA STOUROPOULON, do hereby declare that I am married, and have two children; that the name of my husband is Alexios Stouropoulon.

"That, at the time of making this declaration I am actually residing upon the premises hereinafter described with my said husband and children, and that I claim said premises as a homestead; the premises so claimed by me are real property situated in the County of King, State of Washington, and described as follows:

"Lot Three (3), Block One (1), Replat of Blocks One (1), Two (2), Three (3) of Sander's Supplemental Plat of Sander's Addition to the City of Seattle, according to plat thereof recorded in volume 10 of plats, page 54, records of said county.

"That the actual cash value of said property I estimate to be the sum of Three Thousand Dollars ($3000.00).

"IN WITNESS WHEREOF, I have hereunto set my hand this 6th day of December, A. D. 1933.
"KATINA STOUROPOULON"

she substantially complied with the remaining provisions of the statute (Rem. Rev. Stat., § 559 [P. C. § 7890]).

In *Deno v. Standard Furniture Co., ante* p. 1, 66 P. (2d) 1158 (the author of the majority opinion in that case is also the author of the majority opinion in the case at bar), the legislative mandate requiring service of notice of appeal, when not given at the time of the rendition of the judgment or order from which the appeal is prosecuted "upon all parties who have appeared in the action or proceeding" (Rem. Rev. Stat., § 1720 [P. C. § 7294]), was so liberally interpreted that we wrote the quoted language out of the statute. We said that the words *"all parties who have appeared in the action"* did not mean *all parties who have appeared in the action.* In that case, there was not a substantial compliance; nay, there was *no* compliance at all with

the italicized clause, above quoted, of the procedural statute. Yet, with a *liberality of construction* not necessary in construing the rights of the homestead declarant in the case at bar, we rewrote the statute, thereby trespassing upon the legislative province. Surely, the constitutional (Art. 19, § 1, state constitution) right of homestead is as sacred, and is entitled to as liberal a construction, as a procedural statute.

It may be true that, in some jurisdictions even *now*, the homestead exemption is strictly construed. I cannot agree with those courts which hold that the homestead exemption is in derogation of the common law and should be therefore strictly construed. We need not invoke the rule of "the modern trend." If a precedent is needed (some were marshalled in *Deno v. Standard Furniture Co., supra,* to sustain judicial legislation), we have at least one—a very recent authority —*Hancock Mutual Life Ins. Co. v. Wagner,* 174 Wash. 185, 24 P. (2d) 420, 27 P. (2d) 1118. We there said:

"It is true that, in some jurisdictions, the homestead exemption is considered as in derogation of common law, and therefore to be strictly construed. That is not true in this state, where the consensus of all our decisions has always been for liberality of construction of the rights of a homestead declarant, provided always that the statute authorizing such declaration is substantially followed. It was so held in effect in the *Desmond* and the *Nelsen* cases, *supra.* [*Desmond v. Shotwell,* 142 Wash. 187, 252 Pac. 692; *Nelsen v. Mc-Keen,* 165 Wash. 274, 5 P. (2d) 333.] See, also, 29 C. J., p. 813."

In the case at bar, there was substantial compliance with the provisions of Rem. Rev. Stat., § 559 [P. C. § 7890], and the judgment should be affirmed.