**In re MAPES.**

**No. 58083–T.**

United States District Court
S. D. California, Central Division.

March 31, 1954.

Eagleton & Petterson, by Kelsey Petterson, Bellflower, Cal., for bankrupt.

Leslie S. Bowden, Los Angeles, Cal., for trustee.

TOLIN, District Judge.

This matter is before the Court on certificate of review of a Referee's order adjudging bankrupt's declaration of homestead to be invalid and overruling the exceptions of bankrupt to the trustee's report of exempt property. In that report the trustee had refused to recognize what the bankrupt claimed to be a valid homestead and refused to list the property as exempt.

The Bankruptcy Act, Title 11 U.S.C. A. § 24, provides in substance that bankrupts shall be privileged to retain use and title to such assets as are exempt from execution by law of the State wherein the bankrupt was domiciled.

■ It is the duty of a trustee of a bankrupt's estate to report all such property to the Referee and upon confirmation of the trustee's report, the exempt property is assigned to the bankrupt. Title 11 U.S.C.A. §§ 11, sub. a(11), 66, 75, sub. a(6).

Prior to bankruptcy, the bankrupt's husband filed and recorded a declaration of homestead which stated that he claimed the property as the head of a family and that the family consisted of his wife and two children. The name of the wife was not stated.

Section 1263 of Civil Code of California provides, in part:

"[Contents of declaration: * *.]
The declaration of homestead must contain:

"1. A statement showing that the person making it is the head of a family, and if the claimant is married, the name of the spouse; * * *".

The trustee refused to list the property as exempt because of non-compliance with the Statute.

■ State exemption statutes generally receive "* * * 'the most lib-eral construction which the courts can possibly give them.' * * *" In re Dudley, D.C.S.D.Cal., 72 F.Supp. 943, 944, opinion by Judge Yankwich, affirmed without opinion 9 Cir., 166 F.2d 1023. Homestead laws are "* * * to protect the home against the creditors of the declarant * * *" and thus "* * they will be construed liberally. * *" In re Sterling, D.C.S.D.Cal., 20 F.Supp. 924, 926, 36 Am.Bankr.Rep., N.S., 621, opinion by Judge Yankwich, citing Marelli v. Keating, 208 Cal. 528, 282 P. 793; Jacobson v. Pope & Talbot, 214 Cal. 758, 7 P.2d 1017.

■ Of equal dignity with this rule is the sequela that the District Court is bound to accept the State law as it has been declared by the California courts. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The attempt is to procure from the District Court a more liberal construction of the Homestead Law than the courts of California have consistently followed. Bankrupt's theory is that there are two types of homestead allowed by the law of California: First, that described in Section 1263, Civil Code, which is available to heads of families; and, secondly, the type of homestead allowed by Section 1266, Civil Code. It is argued that everything required to be stated in Section 1266, Civil Code, is present in the declaration and that it must follow that the declarant has obtained the benefit and limitation of the lower value homestead allowed in the latter Section and the Court should treat the defective allegation of family status as surplusage.

The effective bar to this Court's acceptance of such a liberal construction is that the California Supreme Court has expressly considered and rejected it. The two distinct types of declaration allowed by the two Statutes are for diverse classes of declarants. A homesteader is in either one class or the other and must couch his declaration in the form prescribed for the class in which he falls. A practical reason for requiring that the name of the spouse be stated

**318**

exists because the existence of a homestead and identity of its beneficiaries are important credit information.

The rejection of bankrupt's argument was affirmatively made in 1905 when the California Supreme Court said, in Hansen v. Union Savings Bank, 148 Cal. 157, 82 P. 768, 769:

> "Appellant contends that, although the instrument be invalid under the sections of the code above referred to, still it is good as a $1,000 homestead, under * * * 1266 to 1269—which provides for a 'homestead of other persons.' *But that chapter evidently refers to persons other than a husband, wife, or head of a family, whose rights to a homestead are declared in preceding sections.* Clearly a wife's homestead is governed by sections 1262 and 1263 above referred to. When the wife seeks to establish a homestead she must make the declaration provided by section 1263. * * *"
> (Emphasis supplied.)

It is clear from the statements contained in the declaration that the declarant was a "head of a household". Such statements cannot be treated as mere surplusage, as the bankrupt contends. The information given as to declarant's marital status affirmatively places the declarant outside the provisions of Section 1266, Civil Code of California, which reads:

> "*Mode of selection.* Any person *other than the head of a family,* in the selection of a homestead, must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a 'declaration of homestead.'" (Emphasis supplied.)

It is apparent that these Sections control not only what the requirements of the declaration shall be, but who may claim the respective types of homestead.

In construing a preceding, and very similar, section of the Code, the California Supreme Court said (in 1880) that provisions prescribing what shall be contained in a declaration of homestead are *mandatory* and not merely directive, and that compliance with them is essential to the validity of the homestead. The Court indicated that although such statutes *might* be generally subject to a liberal construction, the language *"must contain"* is plain and requires no construction. Ashley v. Olmstead, 54 Cal. 616. The "Trustee's Points and Authorities" and the "Memorandum Opinion on Validity of Homestead Declaration" filed by the Referee contain numerous citations of California and foreign decisions that are of similar import.[1]

■■ A Federal case from this District, *not cited* nor apparently considered by either party, seems to state the situation correctly:

> "A declaration of homestead is a nullity unless all the conditions precedent prescribed in the Code, *including recording* (California Civil Code, Sec. 1269), are complied with strictly. (Citing cases.) This interpretation has been criticized as illiberal and as not in accord with the beneficient object of the homestead law. See Comment, 26 California Law Review, 1938, 241–250. However, this is the view of California courts. And we are bound to follow it. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 * * *." (Emphasis in quoted material.) In re Grodzins, D.C.S.D.Cal., 27 F.Supp. 521, 522.

The order of the Referee is affirmed.

---

1. Reid v. Englehart-Davidson, etc., Co., 126 Cal. 527, 58 P. 1063; Rich v. Ervin, 86 Cal.App.2d 386, 194 P.2d 809; McCarthy v. Kelley, 63 Mont. 233, 206 P. 782; Shemilt v. Sturos, 190 Wash. 30, 66 P.2d 1169; U. S. Fidelity & Guaranty Co. v. Alloway, 173 Wash. 404, 23 P.2d 408; Morley v. Morley, 131 Wash. 540, 230 P. 645; Pekola v. Strand, 25 Wash.2d 98, 168 P.2d 407.