[No. 34394. Department One. April 17, 1958.]

*In the Matter of the Estate of* MARY BOARMAN WHITE,
*Deceased.*

CHARLES E. WHITE, *Appellant,* v. C. WILLIAM GOLDING,
*as Administrator, Respondent.*[1]

*Savage & Lechner,* for appellant.

*Riddell, Riddell & Williams (C. William Golding,* of counsel), for respondent.

MALLERY, J.—In 1928, Charles E. White married Mary Boarman, who had a son by a former marriage and owned the separate property here in question. No children were born of their union. In 1941, he gave her a quitclaim deed to the property, which recited that it "is executed to remove any possible claim to the above property."

The parties were never divorced, but separated in 1946, and were never reunited. In 1947, Mary Boarman White

[1]Reported in 324 P. (2d) 262.

filed a declaration of homestead on the property. The homestead declaration contained the following averments:

". . . That she is the head of a family. That she is now residing on the following described real estate . . .

"That the undersigned has selected the said premises as a homestead, and does hereby select and claim the same as and for a homestead for said family, and exempt from execution as such."

Mary Boarman White died intestate in 1956. Her surviving husband petitioned the court to have the property set over to him in lieu of homestead. The petition was denied, and the petitioner appeals.

The appellant was not residing on the premises at the time the declaration of homestead was filed, and the parties to this action have stipulated that the homestead declaration was not made for the benefit of the husband and wife.

RCW 6.12.060 [cf. Rem. Rev. Stat., § 559] provides, in part:

"The declaration of homestead must contain—

"(1) A statement showing that the person making it is the head of a family; or when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit."

The declaration of homestead did not contain an allegation that the husband had not made *such a declaration* and that it was made for *their joint benefit,* and such an allegation could not have been made.

The declaration, therefore, did not comply with the requirements of the statute for a declaration of *homestead made by a wife,* as such. In *Shemilt v. Sturos,* 190 Wash. 30, 66 P. (2d) 1169, where the spouses were living together, failure to allege that the husband had not made a declaration of homestead invalidated the declaration of homestead made by the wife where she made no claim of being the head of a family. Appellant relies upon this case, which is not in point.

In the instant case, Mary Boarman White made her declaration of homestead as head of a family and not as a

wife. The allegations required of a wife living with her husband are not required, by the statute, of a head of a family, as such.

RCW 6.12.290 [cf. Rem. Rev. Stat. (Sup.), § 553] provides, in part:

"The phrase 'head of the family,' as used in this chapter, includes within its meaning— . . .

"(2) Every person who has residing on the premises with him or her, and under his or her care and maintenance, either—

"(a) His or her minor child or grandchild or the minor child or grandchild of his or her deceased wife or husband.

"(b) A minor brother or sister or the minor child of a deceased brother or sister.

"(c) A father, mother, grandmother or grandfather.

"(d) The father, mother, grandfather or grandmother of deceased husband or wife.

"(e) An unmarried sister, or any other of the relatives mentioned in this section who has attained the age of majority, and are unable to take care of or support themselves."

The record is silent as to Mary Boarman White's dependents, but the declaration of the homestead is regular upon its face. We must, therefore, say who had the burden of proof as to the extrinsic facts concerning her in her capacity as head of a family as defined by the statute.

RCW 6.12.090 [cf. Rem. Supp. 1945, § 532] provides, in part:

". . . Every homestead claimed in the manner provided by law, shall be presumed to be valid to the extent of all the lands claimed exempt, until the validity thereof is contested in a court of general jurisdiction in the county or district in which the homestead is situated."

■ The burden of proof was upon the appellant to show that Mary Boarman White was not the head of a family. He failed to do so.

Her declaration of homestead, claimed in a manner provided by law, invokes the provisions of RCW 11.52.010, which provides, in part:

"If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner pro-

vided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court . . . shall award and set off to the surviving spouse, if any, property of the estate . . . not exceeding the value of six thousand dollars . . ."

The appellant's petition was properly denied, because the homestead declaration of the deceased made prior to her death defeats his right to an award in lieu of homestead.

The order appealed from is affirmed.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.