42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re William HALL; Eleanor Hall, Debtors.
James RIGBY, Plaintiff-Appellant,
v.
William HALL; Eleanor Hall, Defendants-Appellees.
 No. 91-35934.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1994.
Decided Dec. 6, 1994.
As Amended on Denial of Rehearing and
Suggestion of Rehearing En Banc
Jan. 17, 1995.
 
 Before: SKOPIL, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Trustee James Rigby appeals the district court's affirmance of the bankruptcy court's decision that debtors William and Eleanor Hall exempted their residence from the estate. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 * On December 26, 1985, the Halls petitioned for Chapter 11 bankruptcy and, under a federal statute, claimed a homestead exemption of "all" value in their residence. Years later, the case was converted to Chapter 7, and the Halls amended the claim. They again claimed as exempt "all" value in the residence, but this time under a Washington statute. The Halls' residence property had a value of $16,539 in excess of secured debt, which was less than the Washington homestead exemption limit at the time their bankruptcy petition was filed.[1] As of the conversion date, the residence had a value of approximately $98,000 in excess of secured debt. The trustee objected within 30 days after the Chapter 7 meeting of creditors, arguing the residence was valuable property of the estate. The bankruptcy court overruled the objection, stating the Halls had exempted the residence while in Chapter 11. Further, the bankruptcy court, which was affirmed by the district court, ordered an abandonment of the homestead property to the debtor because the net equity on the date of filing was less than the maximum exemption amount authorized by Washington statute.
 
 
 4
 We independently review the bankruptcy court's decision. Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir.1986). We review findings of fact for clear error and conclusions of law de novo. Id.
 
 II
 
 5
 The trustee timely objected to the amended claim. Through the amendment, the Halls forfeited any federal exemption in the residence and claimed a Washington exemption subject to challenge in its entirety. 11 U.S.C. Sec. 522(b); Bankruptcy Rule 4003(b). The trustee's objection, made within 30 days after the Chapter 7 meeting of creditors, was timely under Rule 4003(b).
 
 III
 
 6
 The trustee contends the Halls should be denied leave to amend the claim because the amendment was proposed in bad faith and was prejudicial to creditors. Absent a showing of either of these grounds, the Halls may amend the claim as a "matter of course" before the case is closed. Rule 1009(a); see In re Williamson, 804 F.2d 1355, 1358 (5th Cir.1986). In violation of Circuit Rule 28-2.5, the trustee fails to state where in the record he raised any issue of bad faith or prejudice. Instead, the trustee took the opposite position in the bankruptcy court by arguing the amendment was "of no effect" because Washington law allows the same $16,539 homestead exemption as federal law. The trustee waived any bad faith or prejudice issue, and the Halls properly amended the claim. In re Careau Group, 923 F.2d 710, 713 (9th Cir.1991).
 
 
 7
 The Halls exempted the residence through the amended claim. Resolving against the Halls the ambiguity created by specifying a Washington statute and claiming as exempt "all" value in the residence, the amended claim covers only the property available for exemption under Washington law. In re Hyman, 967 F.2d 1316, 1319 (9th Cir.1992).
 
 
 8
 Exempt property is "any property that is exempt ... under State or local law that is applicable on the date of the filing of the petition." 11 U.S.C. Sec. 522(b)(2)(A). The filing date does not change when a debtor converts a case from one chapter to another. 11 U.S.C. Sec. 348(a). The property that the Halls claimed as exempt, its value, and the applicable Washington law are therefore determined as of the Chapter 11 filing date. See Williamson, 804 F.2d at 1359.
 
 
 9
 Under Washington law, a homestead is "neither a lien nor an encumbrance, but a species of land tenure exempt from execution and forced sale." Pinebrook Homeowners Ass'n v. Owen, 739 P.2d 110, 114 (Wash.App.1987). The purpose of the homestead exemption is to prevent a forced sale of residential real property and to secure the claimants in the possession of their property. Edgley v. Edgley, 644 P.2d 1208, 1210 (Wash.App.1982).
 
 
 10
 The homestead exemption statutes were enacted pursuant to Const. art 19, Sec. 1, for the purpose of providing a shelter for the family and an exemption for a home. Clark v. Davis, 37 Wn.2d 850, 226 P.2d 904 (1951). The homestead statutes are favored in the law and should be liberally construed. Lien v. Hoffman, 49 Wn.2d 642, 306 P.2d 240 (1957). They do not protect the rights of creditors; rather, they are in derogation of such rights. First Nat'l Bank v. Tiffany, 40 Wn.2d 193, 242 P.2d 169 (1952), but as the court in Barouh v. Israel, 46 Wn.2d 327, 331, 281 P.2d 238 (1955), observed: "No citation of authority is necessary for the rule that a declaration of homestead must be filed in good faith." It is also well settled that a declaration of homestead is a right or privilege given a property owner by statute, so that its validity depends upon compliance with the statutory requirements and only by such compliance does the homestead come into existence. United States Fidelity & Guar. Co. v. Alloway, 173 Wash. 404, 23 P.2d 408 (1933).
 
 
 11
 Bank of Anacortes v. Cook, 10 Wash.App. 391, 395, 517 P.2d 633 (1974). Once a debtor qualifies for a homestead under the Washington statute, the only limitation is that "the value of the property, less valid encumbrances listed in the statute, must not exceed a specified amount." Edgley, 644 P.2d at 1210.
 
 
 12
 Washington homestead law at the time of the Halls' petition provided that the exemption amount is limited to the lesser of the total net value of the subject property or $25,000. RCW 6.12.050 (recodified at RCW 6.13.30). Under the statute, "net value" means "market value less all liens and encumbrances." RCW 6.13.010(3). To determine the appropriate exemption amount, and whether there would be any surplus equity interest remaining for the estate, Washington exemption law required the property to be valued at the time of making the homestead exemption claim.
 
 
 13
 On the Chapter 11 filing date, the value of the Halls' interest was less than the exemption limit. The Halls, therefore, claimed an exemption of their residence from any sale for the estate's benefit. RCW 6.12.050, .090, .100, .140, .150, .230 (all recodified at RCW 6.13.010-.240).
 
 
 14
 Under Washington law, the property was exempt from forced sale because the Halls' equity in their residence was less than the available exemption amount. Because there was no surplus equity in the exempt property and the property could not be sold for the benefit of creditors listed on the debtors' schedules, the bankruptcy court properly abandoned the property to the Halls. The Halls' residential real property passed out of the estate when the property was abandoned. Because the merits of an abandonment were determined as of the date of the filing of the petition, the Halls' residential real property together with all post-petition increases in appreciation and equity would enure to the benefit of the Halls.
 
 
 15
 Because the residence is no longer property of the estate, we do not need to consider the Halls' argument that equities estop the trustee from selling the residence.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Specifically, at the time of filing the facts were the following:
 Property value at filing $ 80,000
 Encumbrances (63,461)
 ---------
 Net equity of debtor 16,539
 State statutory exemption amount 25,000
 ---------
 Equity remaining for estate 0